## Johnson v. Commonwealth.

(Decided June 15, 1917.)

### Appeal from Bell Circuit Court.

Infants—Crimes—Juvenile Delinquents—Discretion of Court—While by section 331-e, Kentucky Statutes, the county courts are given exclusive jurisdiction to determine whether a male child under seventeen years of age or a female child under eighteen years of age, charged with crime, shall be treated as a delinquent child or prosecuted as a felon, that fact does not prevent the circuit court in which a female infant is indicted for murder from determining for itself, from evidence heard on the motion of such female to transfer the case to the county court or dismiss it, whether she was at the time set for her trial in the circuit court over eighteen years of age; and where it was made to appear from the testimony of the mother of such female that she was then, and at the time of the commission of the crime, more than eighteen years of age, its refusal to transfer the case to the county court, or dismiss it, was not error.

JOHN HOWARD for appellant.

M. M. LOGAN, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

The appellant, Pearl Johnson, and one, John Mose-
ley, were jointly indicted in the Bell circuit court for
the murder of Floyd Dunaway, the homicide occurring
on the 21st day of October, 1916. The appellant was
given a separate trial, which resulted in the return of
a verdict by the jury finding her guilty of murder and
fixing her punishment at confinement in the penitentiary
for life. She was refused a new trial and has appealed.

The only ground urged for the reversal of the judg-
ment asked is, that the Bell circuit court did not have ju-
risdiction of her person or to try her under the indict-
ment charging her with the murder of Floyd Dunaway,
because she was, as claimed, under eighteen years of age
at the time of the trial and by reason thereof entitled to
have the indictment against her tried or otherwise dis-
posed of in the county court of Bell county. The ques-
tion of want of jurisdiction was raised in the circuit court
by a written motion, filed and entered by her, to transfer
the case to the Bell county court, which motion was sup-
ported by the affidavits of appellant, and those of her co-
defendant, John Moseley, and her mother, Beckie John-
son. Each of these affidavits, without giving the date of
appellant's birth, merely stated that "the said Pearl
Johnson is under the age of eighteen (18) years and will
not be eighteen (18) until the 14th day of May, 1917."
The court being dissatisfied with the evidence furnished
by the affidavits and desiring to inquire more particularly
into the matter, caused appellant's mother, Rebecca
Johnson, to be subpoenaed and brought before it to orally
testify as to appellant's age, and we here give so much
of her testimony as bears upon that question:

"Q. When was Gillis Johnson killed? A. On the 24th
day of December, 1900. Q. He was this girl's father? A.
Yes, sir. Q. How old was this girl at the time her father
was killed? A. She was between two and three years old.
Q. What was her birthday? A. The 14th day of May.
Q. And he was killed the 24th day of December? A. Yes.
Q. So if she was between two and three years old she
lacked from December 24th until May 14th of then being
three years old? A. Yes, her birthday was the 14th of
May. By the court: She would have been three years old
in May after her father was killed? A. Yes, sir; that is
the way I have got her age. I have got no record of it.
I just kept it in my mind."

After receiving the testimony of the mother, the court overruled appellant's motion to transfer the case to the juvenile court, to which appellant by counsel excepted. This ruling was not error, for it is patent from the testimony of appellant's mother that the statement contained in her affidavit, and those of John Moseley and appellant, that the latter was under eighteen years of age and would not be eighteen years of age until May 14, 1917, was inaccurate. Of course, appellant had no personal knowledge of her age, nor does the affidavit of John Moseley indicate that he knew the time of her birth, or that he was in the possession of any data by which to ascertain her age; and while appellant's mother had kept no record of her birth, she did know the date of her husband's (appellant's father) death; as its occurrence on the day before Christmas and the facts that he did not die a natural death, but was killed and left to her care their helpless child, then between two and three years of age, were events that naturally made and left a lasting impression upon her mind. Consequently, the circuit court, in rejecting the evidence furnished by the affidavits and accepting that of the mother as the truth of the matter, correctly ruled upon the question raised by the appellant's motion. If, as testified by the mother, appellant's father was killed December 24, 1900, and appellant was then between two and three years of age, and the third anniversary of her birth did not arrive until May 14, 1901, it necessarily follows that she was born on the 14th day of May, 1898, and that she became eighteen years of age May 14, 1916. As the mother's testimony with reference to her age was given on the 27th of November, 1916, immediately before the beginning of appellant's trial, the latter was at that time eighteen years, six months and fourteen days old; consequently, she was not within the age that would have given the county court exclusive jurisdiction of the prosecution against her for the charge contained in the indictment. In fact, appellant was more than eighteen years of age when the homicide, for which she was indicted, occurred, which was October 21, 1916.

In Talbott v. Commonwealth, 166 Ky. 659, this court held that under section 331e, Kentucky Statutes, the county courts have exclusive jurisdiction of the disposition that shall be made of a male child under seventeen years of age and a female child under eighteen years of age, charged with or arrested for a violation of the laws

of the state. Furthermore, that the circuit courts have no jurisdiction to indict or try such juvenile offenders for a violation of the laws of the state, unless they have been transferred to the circuit court by order of the county court. This case adheres to the construction previously given to the statute, *supra,* in Commonwealth v. Youngblut, 159 Ky. 87, and Commonwealth v. Franks, 164 Ky. 239; in the first of which it was held that it is the purpose of the statute in question to give county courts exclusive, initial jurisdiction over juvenile offenders; and in the second, declared: "As the law now stands, it lies exclusively with the county court to determine whether a juvenile offender shall be treated as a delinquent child, or prosecuted as a felon. The circuit court has no voice in the determination of that question."

In the latter case it was also held that the circuit court erred in transferring the case of the juvenile to the county court; and that instead of so doing it should have dismissed the proceedings. This conclusion was rested upon the ground that although under the provisions of the statute in question the county court is given authority to dismiss the proceedings against the infant in that court and transfer the case to the court having jurisdiction of the offense with which it is charged, there is no provision therein authorizing a transfer of the case from a circuit court to the county court. The circuit court can only dismiss the proceedings.

In the case before us, however, the circuit court, as previously stated, properly overruled the appellant's motion to transfer the case to the county court, because the evidence conclusively showed that she was over eighteen years of age, and, therefore, not a juvenile within the meaning of the statute. But if the proof had been otherwise, that is, if it had shown that appellant was a juvenile in the meaning of the statute, which would have given the county court jurisdiction of her person, and the offense with which she was charged, under the authority of Commonwealth v. Franks, *supra,* the circuit court would have been without power to transfer the case to the county court. It could only have dismissed the prosecution against her.

In view of the conclusion we have expressed, it is unnecessary to recite or discuss the evidence upon which the jury, by the verdict returned, found the appellant guilty of murder, except to say that it demonstrated her guilt beyond a reasonable doubt. No evidence was introduced in her behalf. Indeed, her guilt was established

by her own confession made shortly after the commission of the crime, that she, without warning to the deceased, fired the shot that deprived him of his life. The confession, however, was coupled with a statement, which the employer of the deceased fully corroborated, that she shot and killed the deceased because of a brutal beating she received at his hands six hours before the killing. Whatever may have been the relations between deceased and appellant or the misconduct of the latter, her sex and helplessness should have protected her from his brutality. In view of this treatment of her by the deceased, we can but express our regret that the jury were unable to conclude that the evidence authorized them to find her guilty of voluntary manslaughter, instead of murder. But as under the cold letter of the law the verdict was authorized by the evidence, we cannot disturb it.

As the jury were properly advised by the instructions of the law of the case and the record manifests no error authorizing the reversal asked, the judgment must be and is affirmed.