## Commonwealth v. Franks.

(Decided April 22, 1915.)

### Appeal from Grant Circuit Court.

1. Children—Delinquent—Defined.—Under Subsection 1 of Section
331e of the Kentucky Statutes, a delinquent child includes any
male child 17 years of age or under, and any female child 18
years of age or under, who violates any law of this State.

2.  Children—Delinquent—Jurisdiction Over.—Under Subsection 2 of Section 331e of the Kentucky Statutes, the county courts of the several counties of the State have exclusive jurisdiction of all cases coming within the terms and provisions of said Section.

3.  Children—Delinquent—Discretion of County Court.—Under Subsection 5 of Section 331e of the Kentucky Statutes, the county court may, in its discretion, in any case of a delinquent child brought before it, permit such child to be proceeded against in accordance with the criminal laws of the State; and in such case the proceedings in the county court shall be dismissed and the child transferred to the court having jurisdiction of the offense.

4.  Courts—County Court—Jurisdiction Over Delinquent Children.— Under Section 331e of the Kentucky Statutes, it lies exclusively with the county court to determine whether a juvenile offender shall be treated as a delinquent child, or prosecuted as a felon.

5.  Courts—Circuit Courts—Jurisdiction Over Delinquent Children.— When a person has been indicted in the circuit court for a felony, and it is made to appear that he is a delinquent child, as defined by Subsection 1 of Section 331e of the Kentucky Statutes, it is the duty of the circuit court to dismiss the proceedings; it has no authority to transfer the child to the county court.

JOHN J. HOWE, JAMES GARNETT, Attorney General, and M. M. LOGAN, Assistant Attorney General, for appellant.

C. C. ADAMS for appellee.

Opinion of the Court by Chief Justice Miller— Certifying the law.

The appellee having been indicted by the grand jury of Grant County on October 16th, 1914, for grand larceny, committed in July of that year, he filed his affidavit showing that he was under 17 years of age; whereupon the Commonwealth's Attorney moved the court to dismiss the prosecution. The circuit court overruled the motion; but being of opinion that it had no jurisdiction over the person of the defendant, it transferred the case, upon its own motion, to the county judge to deal with the appellee as a juvenile, and directed the circuit court clerk to transfer the indictment to the county judge. To that ruling both the Commonwealth and the defendant excepted, and prayed appeals to this court.

Under the act of March 19th, 1908, which is now a part of the Kentucky Statutes as sections 331d and 331e, control and punishment of dependent, neglected or delinquent children are confided to the county courts of the several counties of the State.

Under sub-section 1 of section 331e, the term "delinquent child" includes any male child seventeen years of age or under, and any female child eighteen years of age or under, who violates any law of this State; while sub-section 2 of said section confers upon the county courts of the several counties of the State exclusive jurisdiction of all cases coming within the terms and provisions of the act.

Sub-section 5 of section 331e, providing for the trial of a delinquent child, reads as follows:

"When any child within the provisions of this act is arrested with or without a warrant it shall, instead of being taken before a justice of the peace or police magistrate, be taken directly before the county court, or, if it shall be taken before a justice of the peace or police magistrate upon warrant sworn out in such court, or for any other reason, it shall be the duty of such justice of the peace or police magistrate to transfer the case to such county court, and it shall be the duty of the officer having the child in charge to take the child before said county court; and in any case the court may proceed to hear and dispose of such case in the same manner as if the child had been brought before the court upon petition as herein provided. In any case, the court shall require notice to be given and investigation to be made as in other cases under this act, and may adjourn the hearing from time to time for that purpose.

"The court may, in its discretion, in any case of a delinquent child brought before it as herein provided, permit such child to be proceeded against in accordance with the laws that may be in force in this State governing the commission of crimes, and in such case the petition, if any, filed under this act shall be dismissed and the child shall be transferred to the court having jurisdiction of the offense."

Furthermore, sub-section 9 of section 331d, provides as follows:

"Nothing in this act shall be construed to be in conflict with or to prevent proceedings under any statute of the State against any person for the commission of any act for which such person may be proceeded against as provided herein. Upon the hearing of any case herein the court, in its discretion, may order the proceedings herein to be dismissed and direct the county attorney to take any and all needful steps to prosecute such person

in accordance with the laws of the State concerning the commission of crimes.''

It will be observed that the statutory definition of ''delinquent child'' is very broad, and includes any person under the prescribed age, who violates any law of this State. It make no exception of felonies.

Under sub-section 18 of section 331e of the Statutes, it is provided that the proceedings in the county court involving a delinquent child shall not be deemed to be criminal proceedings, and the child shall not be considered as a criminal, but as a child in the need of encouragement and guidance. But, if in the judgment of the county court, the case should be of such a character that the child should be punished under the criminal laws of the State, it is given jurisdiction, under sub-section 5, above quoted, to permit such child to be proceeded against in accordance with the laws that may be in force in the State governing the commission of crimes, and in such a case the child shall be transferred to the court having jurisdiction of the offense.

We have here for decision only this question of practice: Did the circuit court, upon the filing of the affidavit showing the defendant to be a delinquent child under the provisions of the act, err in transferring the appellant to the county court?

Appellant insists the circuit court was without jurisdiction to make the transfer; that it had power only to dismiss the proceedings and discharge the defendant.

The statute, in express terms, gives the county court exclusive jurisdiction in all cases coming within the terms and provisions of the act. Section 331e, sub-section 2; Commonwealth v. Youngblut, 159 Ky., 94. And, while sub-section 5, *supra,* provides for a transfer to the county court of a proceeding against a delinquent child, improperly begun before a justice of the peace or police magistrate, there is no provision in the statute for a transfer to the county court of a proceeding begun by indictment in the circuit court.

On the contrary, sub-section 9 of section 331d, above quoted, confers upon the county court a discretion to dismiss the proceedings therein pending, and direct the county attorney to prosecute such person in accordance with the criminal laws of the State. There is no provision, to which our attention has been called, authorizing

a transfer of a case from the circuit court to the county court.

As the law now stands, it lies exclusively with the county court to determine whether a juvenile offender shall be treated as a delinquent child, or prosecuted as a felon. The circuit court has no voice in the determination of that question.

If this was an oversight upon the part of the Legislature, it does not help the argument or confer jurisdiction upon the circuit court to make the transfer. The remedy lies alone with the Legislature.

In Marlow v. Commonwealth, 142 Ky., 106, we had under consideration the construction of a section of the act of 1908, now section 331e of the Kentucky Statutes, and the question arose whether an appeal could be taken from the judgment of the county court declaring a minor child to be delinquent, and committing her to custody. The statute made no provision for an appeal; but it was insisted that in view of the importance of permitting a review of the judgment of an inferior court taking from a parent the custody of his child, an appeal should be granted. We held, however, that it was the purpose of the Legislature to leave the exclusive control of matters like this in the hands of the county court; and, since the Legislature did not, in express terms, make provision for an appeal, none would be allowed. A similar conclusion was reached in Cullins v. Williams, 156 Ky., 57.

It follows that the circuit court erred in transferring appellant's case to the county court; it should have dismissed the proceedings.

This opinion is certified as the law of the case.