## Talbott v. Commonwealth.

(Decided November 11, 1915.)

### Appeal from Daviess Circuit Court.

1. Infants—Criminal Law—Exclusive Jurisdiction of County Court.— Under section 331e of the Kentucky Statutes the county courts have exclusive jurisdiction of the disposition that shall be made of a male child under seventeen years of age who is charged with or arrested for a violation of the laws of the State.

2. Infants—Criminal Law—When Circuit Courts Without Jurisdiction to Punish for Violation of Law.—The circuit courts of the State have no jurisdiction to indict or try a boy under seventeen years of age for a violation of the laws of the State unless he has been transferred to the circuit court by order of the county court.

3.  Courts—Infants—Criminal Law—Jurisdiction of Circuit Court—
    Waiver—When Objection to May Be Made in This Court.—Al-
    though a boy under seventeen years of age did not make any
    objection in the circuit court to the proceedings under which he
    was tried and convicted, he could raise in this court for the
    first time the question of the want of jurisdiction of the circuit
    court.

LOUIS I. IGLEHEART and T. W. JETT for appellant.

JAMES GARNETT, Attorney General, and CHAS. H. MORRIS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

The appellant, a boy, sixteen years of age, was in-
dicted by the grand jury of Daviess County, charged with
the offense of malicious cutting. On his trial before a
jury he was found guilty and his punishment fixed at
confinement in the Eddyville Penitentiary for an in-
determinate period of not less than two years and nine
months and not more than three years.

It appears that Talbott was arrested on a warrant
issued by the police judge of Owensboro, the city in
Daviess County in which the offense was committed, and
after his arrest and examining trial, was committed to
jail and there remained until his indictment and trial
in the circuit court. He was never brought before the
county judge of Daviess County, nor did the county
judge, so far as this record shows, know anything of or
have any connection with his arrest, imprisonment or
trial.

On this appeal it is urged that the circuit court, under
the circumstances, had no jurisdiction to indict and try
Talbott. For the Commonwealth the argument is made
that this ground relied on for reversal should not be
considered by this court because no objection was made
to the jurisdiction of the circuit court, and therefore
its want of jurisdiction cannot be raised for the first
time on this appeal.

The record does not show that counsel for Talbott
interposed any objection to the jurisdiction of the
Daviess Circuit Court. There was, however, evidence
introduced on the trial sufficient to establish the fact
that Talbott was only sixteen years old, and when his age
was thus brought to the attention of the trial court, we
think the court should, under the law, have suspended

the trial, discharged the jury, set aside the indictment and dismissed Talbott, so that he might at once have been taken in charge by an officer and brought before the county judge of the county, to be disposed of as provided in section 331e of the Kentucky Statutes. This section, which contains an act of 1908 relating to children who are now or may hereafter become dependent, neglected or delinquent, as amended by acts of 1910 and 1912, declares that its provisions shall apply to male children seventeen years of age or under and to female children eighteen years or under. It further provides, in part:

"The words 'delinquent child' shall include any male child seventeen years of age or under and any female child eighteen years of age or under, who violates any law of this State. * * * Any child committing any of the acts hereinabove mentioned shall be deemed a delinquent child, and shall be proceeded against and cared for as such in the manner hereinafter provided. * * * The county courts of the several counties of this State shall have exclusive jurisdiction in all cases coming within the terms and provisions of this act."

It is further provided in subsection 5 of this section that "When any child within the provisions of this act is arrested with or without a warrant it shall, instead of being taken before a justice of the peace or police magistrate, be taken directly before the county court, or if it shall be taken before a justice of the peace or police magistrate upon warrant sworn out in such court, or for any other reason, it shall be the duty of such justice of the peace or police magistrate to transfer the case to such county court, and it shall be the duty of the officer having the child in charge to take the child before said county court; and in any case the court may proceed to hear and dispose of such case in the same manner as if the child had been brought before the court upon petition as herein provided. In any case the court shall require notice to be given and investigation to be made as in other cases under this act, and may adjourn the hearing from time to time for that purpose.

"The court may in its discretion in any case of a delinquent child brought before it as herein provided, permit such child to be proceeded against in accordance with the laws that may be in force in this State governing the commission of crimes, and in such case the petition, if any, filed under this act shall be dismissed and

the child shall be transferred to the court having juris-
diction of the offense.''

It will thus be seen that the statute gives to the county
courts of the several counties of this State exclusive
jurisdiction of the disposition to be made of a male child
seventeen years of age or under who has violated any
law of this State, and makes express provision that a
child coming within this age who has been apprehended
for a violation of law shall be brought before the county
court. This court may in its discretion, as provided in
the statute, permit such child to be proceeded against
in accordance with the laws of the State, and, to ac-
complish this end, may transfer the child to the custody
of the court having jurisdiction of the offense.

In Com. v. Franks, 164 Ky., 230, we said: ''As the
law now stands it lies exclusively with the county court
to determine whether a juvenile offender shall be treated
as a delinquent child, or prosecuted as a felon. The cir-
cuit court has no voice in the determination of that
question.''

In Com. v. Yungblut, 159 Ky., 87, the purpose of the
act to give county courts exclusive, initial jurisdiction
over juvenile offenders was also pointed out.

We therefore conclude that the circuit court had no
jurisdiction to hear or determine this case, and having
no jurisdiction it was not necessary that the defendant
should have made the ordinary objections to the juris-
diction of the court to save his right to raise the question
here. The statute deprived the court of jurisdiction,
and this want of statutory jurisdiction may be relied on
in cases like this as a ground for reversal although not
raised in the circuit court. The circuit court has juris-
diction only to indict and try juvenile offenders when
they have been transferred to that court by the county
court in the manner authorized by the statute. This
does not, of course, mean that when the circuit court
takes jurisdiction to hear and determine a case against
a juvenile offender, and it develops for the first time
during the trial that the defendant is within the statutory
age, that he cannot, upon his dismissal in the circuit court,
be immediately apprehended and taken before the county
court; nor does it mean that on the return of this case
the defendant should not be, upon his discharge by the
circuit court, at once arrested and taken before the
county court; nor will the proceedings had in this case

in the crcuit court be a bar to other like proceedings in that court in the event the defendant is transferred by the county court to the circuit court.

For the reasons indicated, the judgment is reversed, with directions to proceed in conformitv with this opinion.