## Commonwealth v. Davis.

(Decided April 26, 1916.)

### Appeal from Shelby Circuit Court.

1. Infants—Juvenile Delinquents—Jurisdiction of Courts.—It lies exclusively with the county court to determine whether a juvenile offender shall be treated as a delinquent child, or be prosecuted as a felon.

2. Infants—Juvenile Delinquents—Jurisdiction of Courts.—Under subsection 5 of section 331e of the Kentucky Statutes, which requires an arrested juvenile offender to be returned to the county court for trial, and the giving of a notice to his parent, guardian, or next friend, the giving of the notice is a prerequisite to the jurisdiction of the county court to try the offender.

3. Infants—Juvenile Delinquents—Jurisdiction of Courts.—Where an infant was arrested upon a warrant for forgery issued by the county court, the court had no jurisdiction under subsection 5 of section 331e of the Kentucky Statutes to transfer the juvenile offender to the circuit court for trial until it had given notice of the infant's arrest to his parent, guardian or next friend, as required by subsection 4 of section 331e of the Kentucky Statutes.

M. M. LOGAN, Attorney General; D. O. MYATT, Assistant Attorney General; CHARLES H. SANFORD, and E. H. DAVIS for appellant.

T. B. ROBERTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

On August 9th, 1915, a warrant was issued by the judge of the Shelby county court, for the arrest of appellee, Robert Davis, who was under sixteen years of age, upon the charge of forgery. Davis was duly arrested and presented before the Shelby county court, sitting as a juvenile court.

After investigating the case, that court entered the following judgment: "The defendant, Robert Davis, being before the court and having plead guilty to forging the name of H. A. Campbell to a check, and having violated his probation in being before the court frequently without improvement, it is the judgment of this court that he be held to answer said charge to the grand jury of Shelby county and proceeded against as other criminals." The case was then referred to the grand jury, which returned an indictment, on October 7th, 1915, charging Davis with the crime of forgery. A demurrer to the indictment was overruled.

Upon the trial under the indictment in the circuit court, the parties agreed that Davis was under sixteen years of age; that no petition had been filed with the county court clerk either by the probation offcer or any one else, as required by subsection 2 of section 331d of the Kentucky Statutes, and that no summons was issued as provided thereunder, against the parents or guardian or persons having charge of said infant; nor was any notice of any kind given to said parents, guardian or person having charge of said infant of any proceeding against said infant; that the father of the defendant was a resident of Woodford county, Kentucky; that his mother was dead, and that he was living with his grandmother, Martha Bell, in Shelbyville, Kentucky, who had the control and custody of the defendant, and that she was not present in court; nor was the father present in court; that neither the father nor the grandmother, nor any person having charge of the defendant, had any notice of the proceedings against the defendant in the juvenile court, or in the circuit court, and that no person was appointed to act for the defendant in the juvenile court.

The circuit court dismissed the indictment and discharged the defendant, upon the ground that that court had no jurisdiction of the infant defendant, because the

county court had no jurisdiction, in the absence of the notice required by the statute, to transfer the defendant to the circuit court for indictment and trial.

The question, therefore, involved upon this appeal is, did the county court have jurisdiction to refer this case to the grand jury without first having issued and served the notice upon the infant's parent, guardian, or next friend, as required by the statute? If the county court was without jurisdiction to make the transfer, the case was still in the county court, and the circuit court was without jurisdiction to indict and try the defendant upon the charge of forgery.

The agreed statement of facts referred to section 331d of the Kentucky Statutes, as controlling the case. It will appear, however, from investigation, that section 331d, which was chapter 60 of the acts of 1908, approved March 19th, 1908, entitled "An act fixing and defining the powers of the several county courts within this Commonwealth with reference to persons responsible for, or directly promoting or contributing to the conditions that render a child dependent, neglected or delinquent, and providing how such powers may be exercised," has been repealed by the act of 1910 (Acts 1910, p. 226), which is now section 331g of the Kentucky Statutes, Carroll's 1915 edition. This case is controlled, however, by chapter 67 of the acts of 1908, entitled "An act relating to children who are now or may hereafter become dependent, neglected or delinquent, to define these terms and fixing and defining the powers of the several county courts within this Commonwealth with reference to the care, treatment and control of such children, and to provide for the means whereby such powers may be exercised," which is now section 331e of the Kentucky Statutes.

By the provisions of subsection 4 of the last named statute, any reputable person being a resident of the county, may file with the clerk of the county court a petition in writing, setting forth the facts, verified by affidavit, relating to any neglected, dependent or delinquent child.

It further provides, as follows:

"The petition shall set forth the name and residence of the parent or parents, if known, or if the name and residence is unknown to the petitioner: (a) the name and residence of the person having the custody, control and supervision of such child; or (b) if the child is illegiti-

mate, the name of the mother of such illegitimate child; or if it allege that both parents, or that such mother is dead, then the name of the guardian, if any, of such child; (d) if no guardian of such child is known to the petitioner, then of some near relative or that such is unknown to the petitioner. All persons named in said petition shall be notified of such proceedings as hereinafter provided.

"Upon filing of the petition a summons shall issue requiring the parent or parents, guardian or the person having custody, control or supervision of the child, or with whom the child may be, to appear with the child at a place and time stated in the summons, which time shall not be less than twenty-four hours after service. The parents of the child, if living, and their residence, if known to the petitioner, or its legal guardian, if one there be, and his residence, if known to the petitioner, or if there be neither parent nor guardian, or if his or her residence be not known, then some near relative, if his residence be known to the petitioner, shall be notified of the proceedings, and in any case the judge may appoint some suitable person to act in behalf of the child."

Subsection 5 of section 331e, *supra,* further provides for the trial of the child, as follows:

"When any child within the provisions of this act is arrested with or without a warrant it shall, instead of being taken before a justice of the peace or police magistrate, be taken directly before the county court, or if it shall be taken before a justice of the peace or police magistrate upon warrant sworn out in such court, or for any other reason, it shall be the duty of such justice of the peace or police magistrate to transfer the case to such county court, and it shall be the duty of the officer having the child in charge to take the child before said county court; and in any case the court may proceed to hear and dispose of such case in the same manner as if the child had been brought before the court upon petition as herein provided. In any case the court shall require notice to be given and investigation to be made as in other cases under this act, and may adjourn the hearing from time to time for that purpose.

"The court may in its discretion in any case of delinquent child brought before it as herein provided, permit such child to be proceeded against in accordance with the laws that may be in force in this State governing the

commission of crimes, and in such case the petition, if any, filed under this act shall be dismissed and the child shall be transferred to the court having jurisdiction of the offense.''

None of the provisions relating to the filing of the petition and the issuing of a summons thereon, as required by subsection 4, was complied with. On the contrary, the defendant was arrested upon a warrant issued by the judge of the county court.

Subsection 5 of the statute above quoted, provides the practice in a case where a juvenile offender is arrested upon a warrant. In such a case the infant must be taken directly before the county court; and, if the warrant be issued by a justice of the peace or a police magistrate, the justice or the police magistrate must likewise transfer the case to the county court; and, the officer arresting the offender under such a warrant is required to return the child before the county court.

The statute further provides that in any case the county court may proceed to hear and dispose of the case in such manner as if the child had been brought before the court upon petition, as provided by the statute. And, it further provides that in any case the county court shall require notice to be given to the infant's parent, guardian, or next friend, and investigation made, as in other cases under the act.

The Commonwealth contends, however, that the provision requiring notice to be given in cases where the offender is brought before the county court upon a warrant, as in the case before us, applies only to cases in which trials are thereafter held in the county court, and that the provision requiring notice in that court has no application where the county court permits the child to be prosecuted in the circuit court in accordance with the criminal laws of the State, pursuant to the last clause of subsection 5 of section 331e, above quoted.

In other words, it is contended that if the county court had proceeded to try the appellee as a juvenile offender under the statute, it would have been incumbent upon it to give the notice as directed by the statute; and, that having declined to try the case, it had the right, without having first given the notice, to direct a transfer of the case to the circuit court where the defendant should be tried as an adult offender. This is the only question upon this appeal.

We think the circuit court took the right view of the case. The statute has always in view, as its primary purpose, the protection and reclamation of the juvenile offender in order that he may not become a criminal. And, in order to carry out that purpose, it is provided that the county court, sitting as a juvenile court, shall, in every instance, take the initial step in the trial of the juvenile offender. It is immaterial under what authority or by whom the juvenile offender is arrested, or what his offense may be; in every case, he is to be carried before the county court, for trial. It lies exclusively with the county court to determine whether a juvenile offender shall be treated as a delinquent child, or prosecuted as a felon. Commonwealth v. Franks, 164 Ky. 239; Talbott v. Commonwealth, 166 Ky. 659; Commonwealth v. Yungblut, Judge, 159 Ky. 94.

And, subsection 4 of the statute provides that when the infant has thus been returned to the county court for trial, that court must, as a prerequisite to its jurisdiction to try the offender, give notice of the proceedings to some one of the persons standing in an intimate relation with the infant. This requirement is emphasized by the language of subsection 5, relating to the trial of the child, above quoted, wherein it is provided that "in any case the court shall require notice to be given and investigation to be made as in other cases under this act."

The provision that the county court may, in its discretion, permit such child to be proceeded against in accordance with the criminal laws of the State, is found in the same subsection 5, relating to the trial of the child, and requiring notice to be given to the parent or person standing in *loco parentis*.

The statute exhibits throughout a purpose to care for and reclaim the juvenile offender; the care and welfare of the child is the first and paramount purpose of the state. This purpose is abundantly shown by many provisions of the statute, and particularly by subsection 18 of section 331e, which reads as follows:

"This act shall be liberally construed, to the end that its purpose may be carried out, to-wit: That the child may be cared for as would be done by a court of chancery and that it may be trained and disciplined; that the care, supervision and discipline of the child shall approximate as nearly as may be that which should be given by its parents. The proceedings involving the child shall not

be deemed to be criminal proceedings and the child shall not be considered as a criminal, but as a child in need of aid, encouragement and guidance.''

It would seem to necessarily follow that the action of the juvenile court in determining whether the child should be proceeded against as a juvenile offender in that court, or prosecuted as a common criminal in the circuit court, is of prime importance, and that the child needs the advice, representation, and counsel of its parent, guardian, or friend, as much, if not to a greater degree, in a hearing of that character, than in cases where the court proceeds merely to treat and try him as a juvenile offender. The statute authorizes the juvenile court in a proper case, to commit the custody of the child to its parent. Why then should not the child be represented by its parent or guardian upon the hearing of the important preliminary question which is to determine whether he shall be treated as a juvenile offender or as a criminal?

In the case at bar the appellee has a father, and was living with his grandmother, in Shelbyville, at the time of his apprehension; and, under the statute, one of them should have been notified of the appellee's apprehension, in order that he might be represented by some elder counsel upon the trial and decision of a question which might fix the course of his future life. In failing to give the notice required by the statute, the county court was without jurisdiction either to proceed in the trial of the appellee as a juvenile offender, or to try the question of transferring him to the circuit court for trial under the criminal laws of the State.

The circuit court, however, not having jurisdiction to try appellee, the proceedings in that tribunal do not constitute a bar to further proceedings in the county court. Talbott v. Commonwealth, *supra.*

Judgment affirmed.