## Compton v. Commonwealth.

(Decided April 14, 1922.) ·

## Appeal from Pike Circuit Court.

1. Infants—Juvenile Delinquents—Jurisdiction of Courts.—Under the provisions of section 331e, Kentucky Statutes, being the act dealing with delinquent, dependent and neglected children, the county court has exclusive jurisdiction, and the act applies to every delinquent male child under seventeen years of age who violates any law of this state.

2. Infants—Juvenile Delinquents—Jurisdiction of Courts.—Under the act the circuit court has no jurisdiction to initiate, try or review upon appeal a proceeding against a delinquent child unless proceedings have been first had in the county court.

3. Infants—Juvenile Delinquents—Jurisdiction of Courts.—Under the provisions of subsection 4 of the act the filing of the petition therein provided for is necessary to give jurisdiction to the county court; and under that subsection the county court has no jurisdiction to refer the case to the grand jury or the circuit court without first giving notice to the parent, guardian or near relative of the delinquent juvenile.

4. Infants—Juvenile Delinquents.—Under the provisions of subsection 5 of the act it is within the discretion of the county court to permit or recommend that the infant delinquent be proceeded against in accordance with the criminal laws of this state; but the circuit court has no jurisdiction to try such infant who has never been brought before the county court in the manner prescribed by law.

5. Infants—Juvenile Delinquents—Jurisdiction of Courts.—Where the county court has not acquired jurisdiction to pass upon the question whether it should refer the infant delinquent to the circuit court for prosecution under the criminal law because of the failure to give the notice required by subsections 4 and 5, although there was an order of the county court recommending that defendant be prosecuted in the circuit court, that court acquired no jurisdiction to try the defendant.

6. Infants—Jurisdiction of Courts.—The county court itself not having jurisdiction could not, by its order, confer jurisdiction upon the circuit court to try the defendant under the criminal laws of the state.

7. Infants—Jurisdiction of Courts—Dismissal.—When it was made to appear on the trial in the circuit court that the county court had no jurisdiction to enter the order which it had entered, it was the duty of the circuit court to dismiss the proceeding: but such dismissal in the circuit court will not operate as a bar to a new proceeding in the county court.

ROSCOE VANOVER and L. J. MAY for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Prior to the September, 1921, term of the Pike circuit court appellant and Leander Sword were arrested under a warrant charging them with the crime of shooting at another without wounding.

Upon their joint hearing before the county court they were each held to appear before the Pike circuit court at the September, 1921, term and it was recommended in the order of the county court that they be prosecuted therein for the crime, it appearing they were each under seventeen years of age.

At the September, 1921, term of the Pike circuit court they were jointly indicted, and upon their joint trial were each found guilty by the jury and their punishment fixed at confinement in the state penitentiary for one year; but the court in its judgment recited that they were juveniles under our statute and ordered them taken to the reform school.

Appellant filed his motion and grounds for a new trial, which were overruled, and he has appealed.

The only questions necessary to determine are, first, did the circuit have jurisdiction to try the defendant, and, second, did the county court have jurisdiction to pass upon the question whether the defendant should be treated as a juvenile or whether he should be prosecuted as an adult criminal under the provisions of the juvenile act, until the notice to the parents, guardian or person having charge of him had been given as prescribed by the statute?

Section 331e of Carroll's 1922 Kentucky Statutes consists of twenty-three subsections and is an act of March 19, 1908. The act is a comprehensive one dealing wholly with delinquent, dependent and neglected children of this

Commonwealth. It defines what constitutes a dependent, neglected or delinquent child; it establishes a juvenile court in each county of the state and prescribes its jurisdiction; it authorizes the appointment of probation officers in the several counties; it prescribes the proceedings against persons in charge of neglected or dependent children; it prescribes the procedure where a juvenile is brought before a court, and contains many other provisions looking to the care and protection of such infants.

In subsection 1 of the act it is provided that a delinquent child shall include any male child seventeen years of age or under who has violated any law of this state.

In subsection 2 of the act it is expressly provided that the county courts of the several counties shall have exclusive jurisdiction of all cases coming within the terms and provisions of the act, and, accordingly, this court has held that the county court has the exclusive jurisdiction and that the act applies to every delinquent male child under seventeen years of age who violates any law of this state. Commonwealth v. Franks, 164 Ky. 239.

It has likewise been held that the circuit court has no jurisdiction to initiate, try or review on appeal a proceeding against a delinquent child unless proceedings have been first had in the county court. Waters v. Commonwealth, 171 Ky. 457.

Subsection 4 of the act authorizes any reputable resident of the county having knowledge of a child who appears to be neglected, dependent or delinquent, to file with the county clerk a petition in writing setting forth the facts, verified by affidavit; and provides that upon the filing of such petition the parent, guardian or near relative of the child shall be notified of the proceedings; and under the provisions of that section it has been held that the filing of the petition is necessary to give jurisdiction to the county court of the proceedings. Cullins v. Williams, 156 Ky. 57. And it has likewise been held under that section upon the arrest of a delinquent child charged with crime the county court has no jurisdiction to refer the case to the grand jury without first giving notice to the parent, guardian or near relative. Commonwealth v. Davis, 169 Ky. 681.

It is provided in subsection 5 of the act as follows:

"When any child within the provisions of this act is arrested with or without a warrant it shall, instead of being taken before a justice of the peace or police magistrate, be taken directly before the county court, or if it

shall be taken before a justice of the peace or police magistrate upon warrant sworn out in such court, or for any other reason, it shall be the duty of such justice of the peace or police magistrate to transfer the case to such county court, and it shall be the duty of the officer having the child in charge to take the child before said county court; and in any case the court may proceed to hear and dispose of such case in the same manner as if the child had been brought before the court upon petition as herein provided. In any case the court shall require notice to be given and investigation to be made as in other cases under this act, and may adjourn the hearing from time to time for that purpose.

"The court may in its discretion in any case of a delinquent child brought before it as herein provided, permit such child to be proceeded against in accordance with the laws that may be in force in this state governing the commission of crimes, and in such case the petition, if any, filed under this act shall be dismissed and the child shall be transferred to the court having jurisdiction of the offense."

It will be observed, under the provisions of this subsection, it is within the discretion of the county court to permit or recommend that the infant delinquent be proceeded against in accordance with the criminal laws of this state. Commonwealth v. Franks, 164 Ky. 239. But it has likewise been held that under this section the circuit court has no jurisdiction to try an infant delinquent who has never been brought before the county court in the manner prescribed by law. Talbott v. Commonwealth, 166 Ky. 659; Waters v. Commonwealth, 171 Ky. 457.

In the case at bar the order of the county court shows it was recommended that the defendant be prosecuted under the criminal laws of the state, but there is nothing in the record showing either that the petition required by subsection 4 was ever filed or that the notice to the parent, guardian or near relative, specifically provided for, was ever given; and in order that the circuit court should have jurisdiction to try the defendant, it was first necessary for the county court to have jurisdiction to pass upon the question whether it should refer the prosecution of the delinquent infant to the court having final jurisdiction of such crime or whether it should retain the custody and control of the child and provide for

his welfare, care and protection. This appeal involves a direct attack upon the validity of the judgment of the circuit court, and the validity of that judgment depends upon the validity of the order of the county court recommending the prosecution, and in such circumstances the facts necessary to confer jurisdiction upon the circuit court by the orders of the county court must affirmatively appear from the record on appeal, and will not be presumed to be shown in the records of either the trial court or the county court. Waters v. Commonwealth, 171 Ky. 457.

Under the provisions of subsection 5 of the act it is the duty of the county court to exercise this discretion but before it has the jurisdiction to exercise it the notice to the parent, guardian or near relative of the infant juvenile therein prescribed must be given. It is a condition precedent to the right of the county court to pass upon that question and exercise its discretion. It clearly was in the mind of the General Assembly that the county court should take no action involving the welfare, care and future disposition of the infant delinquent until the adult persons most interested in the infant should have been given notice and have had an opportunity to appear and present to the court their views, and offer their suggestions as to what was best for the infant, and what action might be best calculated to redound to the ultimate welfare of the delinquent and induce him to become and grow into an upright, useful citizen. It was not contemplated that the county court should, without consultation with or suggestions from the adult persons most interested in the infant delinquent, enter any order or make any disposition of the pending proceeding which might affect the welfare of the delinquent.

It is perfectly clear that if the county court because of the failure to give the notice provided for to the parent, guardian or custodian of the delinquent infant, had no jurisdiction to enter the order holding the delinquent over to the circuit court and recommending his prosecution therein, the circuit court, itself, by reason of the entry of such an order in the county court acquired no jurisdiction of the delinquent. The sole original jurisdiction is, under the statute, in the county court, and the only way the circuit court can acquire jurisdiction in such cases is by a valid order of the county court recommending or providing for the prosecution in that court after

the county court itself has acquired by the proper proceedings the jurisdiction to enter that order.

Here we have a void order of the county court recommending the prosecution in the circuit court of a delinquent infant, and that void order can confer no jurisdiction upon the circuit court to proceed with such prosecution. It follows, therefore, that the county court could not, without having first acquired jurisdiction, confer by its order jurisdiction in the circuit court to conduct the prosecution; and therefore when the defendant on his trial in the circuit court by his motion for a directed verdict raised the question of jurisdiction it was the duty of the circuit court to dismiss the prosecution.

By this, however, we do not mean to say that the circuit court should have sustained the motion for a directed verdict to the extent that it should have adjudged the defendant not guilty, for its jurisdiction either to find the defendant guilty or not guilty depended upon whether certain proceedings were theretofore had in the county court; and when it was shown during the trial in the circuit court that because such proceedings had never taken place in the county court there was no jurisdiction in the circuit court, it should have merely dismissed the proceeding entirely, which action would still leave the county court in position to acquire jurisdiction in a new proceeding which may be inaugurated therein, and such action of the circuit court will not operate as a bar to a new proceeding in the county court. Talbott v. Commonwealth, 166 Ky. 659.

It may not be improper here to call attention to the fact that the General Assembly by an act of the 23rd of March, 1920, being chapter 70, page 329, Acts of 1920, attempted to repeal the provisions of the act in question and other acts giving exclusive jurisdiction to the county courts in juvenile cases; but this repeal act was by this court in the case of Lynn v. Bullock, 189 Ky. 604, declared unconstitutional and void because violative of two sections of our Constitution.

The judgment is reversed with directions to the circuit court to dismiss the prosecution.