## H. H. Harman and Wilson Harman v. Commonwealth.

(Decided July 1, 1924.

### Appeal from Warren Circuit Court.

1.  Assault and Battery—Evidence Held to Sustain Finding of Prearranged Plan Between Husband and Brother-in-Law to Assault, and Case Properly Submitted to Jury.—Evidence held to justify finding that assault by brother-in-law of prosecuting witness was result of prearrangeed plan between her husband and his brother and that husband was present, aiding, assisting, encouraging, and inducing assault, and case was properly submitted to jury.

2. Criminal Law—Decisions of Circuit Court on Motions for New Trial, Subject to Exception and Review.—Under Criminal Code of Practice, section 281, as amended in 1910, decisions of circuit court on motions for new trial are subject to exception and may be reviewed.

3. Infants—Circuit Court Without Jurisdiction of Prosecution of One Committing Crime Before Reaching Seventeen Years of Age.— Where defendant was under 17 years of age at time of offense, circuit court was without jurisdiction of prosecution though he was over 17 years old at time of trial, unless he had been transferred to circuit court by order of county court, but county court may still make this order after reversal of conviction on proper notice to parties.

THOMAS, THOMAS & LOGAN for appellants.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Appellants, H. H. Harman and Wilson Harman, were found guilty of an assault on Cartie Harman, and the punishment of the former fixed at a fine of $1,000.00 and one year in jail, and of the latter at a fine of $750.00.

At the time of the alleged assault H. H. Harman and Cartie Harman, the prosecuting witness, had been married for about two years. He was about twenty-two years of age, while she was a few months younger. Wilson Harman is a younger brother of H. H. Harman and was under seventeen years of age when the alleged offense was committed. H. H. Harman and wife made their home with her parents in the city of Bowling Green, but made frequent visits to the home of his parents in the country. During the latter part of February, 1923, they were at H. H. Harman's father's home for the purpose of attending his younger brother, who was sick. According to Cartie Harman, who was deaf and dumb to such an extent that it was necessary for her to testify through her father as interpreter, Wilson Harman, on the pretext of showing her a trick with some matches, enticed her out into the yard, then pulled her into the smokehouse and attempted to assault her. While Wilson Harman was holding her, her husband came suddenly down the ladder at the back end of the smokehouse and struck a match. Her husband put his finger in her face and said, "You are as mean as the devil." He then made her go into the house where they had some further discussion.

H. H. Harman claims that an evening or two before
he had discovered his wife in a compromising position
with his brother and had remonstrated with her about
it. On the evening in question he left for the purpose of
going to see an uncle, but it began to rain and he stopped
at another uncle's. Thereupon he returned to his fath-
er's home. On his arrival he saw his wife and Wilson
together, and stepped into the smokehouse to watch de-
velopments, not thinking they would come in there.
When they came in, he stepped upon the ladder, and
afterwards came down and lit a match when the parties
took a compromising position. According to Wilson
Harman, Cartie Harman had made improper overtures
to him before, but he had refused her importunities be-
cause she was his brother's wife. He and she were in a
compromising position when his brother discovered them
on the evening before the alleged assault. His brother
cautioned him not to bother his wife, but did nothing
further. On the evening in question he received a note
from Cartie Harman and met her at her suggestion. He
and she voluntarily went into the smokehouse, where she
had prepared things for them. It was then that they
were interrupted by his brother, H. H. Harman. He ex-
hibited two notes which he claimed were written by Car-
tie Harman.

In rebuttal Cartie Harman denied writing the notes,
and denied that she had been caught before in a compro-
mising position with Wilson Harman. When on the
stand she wrote something for the jury, which writing,
together with the alleged notes, were placed before them.

It is first insisted that appellant, H. H. Harman, was
entitled to a peremptory instruction on the ground that
the evidence failed to show that he was a party to a for-
cible assault. In the indictment Wilson Harman was
charged as principal, and H. H. Harman with having
aided, abetted, counseled and advised the assault. The
evidence presents a peculiar state of case. Though
claiming to have caught his wife and brother in a com-
promising position a day or two before the alleged as-
sault, he did nothing more than to caution his brother
not to bother his wife, and he and his brother remained
on friendly terms not only after that occurrence, but
after the assault in question. On the evening of the as-
sault, H. H. Harman let it be known that he was going
away. Instead of remaining away, he returned to his
father's home and mounted the ladder in the smokehouse

just in time to be present and witness the occurrence which took place between his wife and his brother. If, as the evidence tended to show, the assault was forcible, then the situation presented was that of a husband upbraiding his assaulted wife, and showing no resentment against his brother who committed the assault. These circumstances justify the deduction that the assault was the result of a prearranged plan between H. H. Harman and his brother, and we conclude that it was for the jury to say whether H. H. Harman was present aiding, assisting, encouraging and inducing the assault.

While there is sufficient evidence to take the case to the jury as to H. H. Harman, and it was properly submitted to them by the court, yet under section 281 of the Criminal Code as amended in 1910, the decisions of the circuit court on motions for a new trial are subject to exception and may be reviewed in this court. In view of the fact that the evidence to establish H. H. Harman's guilt is wholly circumstantial and not very satisfactory, also that important incompetent testimony was admitted by the court and though subsequently withdrawn may have had its effect with the jury in view of the closing argument of the Commonwealth attorney, the court has reached the conclusion that a new trial should be granted as to him.

As to Wilson Harman a different question is presented. He was under seventeen years of age at the time of the offense and though he was over seventen years old at the time of the trial the circuit court was without jurisdiction unless he had been transferred to the circuit court by order of the county court, and this does not appear from the record. Waters v. Com., 171 Ky. 457, Compton v. Com.; 194 Ky. 429, Clark v. Com., 201 Ky. 261. The county court may yet make this order if it sees proper to do so, on proper notice to the parties.

Judgment reversed and cause remanded for a new trial and further proceedings consistent herewith.