# Angel v. Commonwealth.

(Decided October 18, 1929.)

H. M. CLINE for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and his brother, Sol Angel, were jointly indicted by the grand jury of McCreary county, charged with the crime of breaking into a storehouse with the intent to steal therefrom, an offense denounced by section 1164 of our present Kentucky Statutes. At the separate trial of appellant in the circuit court under that indictment he was convicted, and, because the court found that at the time he committed the crime he was only 16 years and 9 months old, he was sentenced to confinement in the house of reform for juveniles at Glendale, Ky., until arriving at the age of 21 years, and from that judgment this appeal is prosecuted.

In the motion for a new trial, which the court overruled, a number of grounds are relied on for a reversal, but the only one relied on here, and the only one possessing any merit whatever, is that it was not shown that de-

fendant was first properly apprehended by the juvenile court for McCreary county before the returning of the indictment by the grand jury of that county, and in support of that ground the cases of Commonwealth v. Franks, 164 Ky. 239, 175 S. W. 349; Talbott v. Commonwealth, 166 Ky. 659, 179 S. W. 621; Commonwealth v. Davis, 169 Ky. 681, 185 S. W. 73; Waters v. Commonwealth, 171 Ky. 457, 188 S. W. 490; Baughman v. Commonwealth, 206 Ky. 441, 267 S. W. 231; Hayes v. Commonwealth, 210 Ky. 449, 276 S. W. 160, and Goodfriend v. Commonwealth, 216 Ky. 573, 288 S. W. 330, are relied on. Other cases in this court construing what is commonly known as our ''Juvenile Statute,'' and the proper course to be pursued to confer jurisdiction upon circuit courts of juveniles, are, Clark & Gailer v. Commonwealth, 201 Ky. 261, 256 S. W. 398; Harmon v. Commonwealth, 204 Ky. 186, 263 S. W. 733; Meade v. Commonwealth, 214 Ky. 88, 282 S. W. 781; Newsome v. Commonwealth, 227 Ky. 710, 13 S. W. (2d) 1046. In the Walters case and others, where the specific question was involved, we held that, inasmuch as the circuit court did not have, under the statute, original jurisdiction to apprehend and try juveniles, it must affirmatively appear on appeals by them from judgments of circuit courts that they were first apprehended by the juvenile court, which was and is the only court of original jurisdiction to apprehend and deal with them, and that the circuit court under the statute acquired only a conditional or secondary jurisdiction of juveniles, and that the trial of them in circuit courts on indictments found and returned before apprehension and disposition by the juvenile court was void because the circuit court was without jurisdiction, in the absence of such condition precedent, to acquire it.

It is, therefore, insisted that under such construction of the statute, as contained in our opinions in those cases, the circuit court of McCreary county had no jurisdiction to try defendant or render the judgment appealed from, and that the motion to quash the indictment made by the defendant upon the ground referred to should have been sustained, and that the court also erred in overruling his later motion for a peremptory instruction of acquittal. If the record was in the same condition as those in the Walters and others of the cited cases in which the question was presented, the contention of counsel would be correct and a reversal of the judgment therefor would be

proper. But, due to a most material fact appearing in this record and not found in the Walters and other cases this contention of counsel cannot be sustained. In the Walters case and kindred ones it was held that the universal presumption in favor of the jurisdiction of courts of general jurisdiction did not apply to judgments of circuit courts in this commonwealth in the trial of juveniles for the reason we hereinbefore stated, i. e., that the juvenile statute conferred such general and original jurisdiction exclusively on the juvenile courts that it created. But, the judgment in this case, after finding that defendant was a juvenile, expressly recites: ''That said prosecution was first instituted in the county (juvenile) court and was duly transferred by order of the said county judge to the circuit court of McCreary county, and that the said circuit court was then and there authorized and directed to assume jurisdiction of said juvenile.''

The circuit court in the trial of a juvenile has jurisdiction to determine any fact necessary to confer on it jurisdiction of the prosecution. From the above excerpt we have taken from its judgment, it does affirmatively appear in this record that defendant was first apprehended by the county judge of McCreary county, who is the juvenile court for that county, and that he, as presiding officer of such court, transferred the prosecution to the McCreary circuit court.

It must therefore be assumed by us that the finding of the circuit court of that fact is correct. We are then confronted with the question: Whether the presumption, supra, with reference to courts of general and original jurisdiction, should be applied in favor of the proper and legal procedure of the juvenile court to give *it* jurisdiction of defendant. It was substantially so held by us in the Meade case, and in the Newsome case complaint was made because the entire record of the juvenile court did not appear in the transcript in this court on an appeal from the judgment of the circuit court; but we indulged the presumption that the proceedings had before the juvenile court, it being made to appear in the record that defendant was originally apprehended by that court, were legal and proper, following the general rule that such presumptions will be indulged in support of the proceedings of courts of general and original jurisdiction, which is one of universal application, and followed

without deviation by this court, including the late one of Phillips v. Robinson, 225 Ky. 682, 9 S. W. (2d) 995.

But it is insisted by counsel for appellant that the excerpt we have incorporated from the judgment was due to a mistake of the clerk in incorporating it in the judgment. The insistence has nothing in the record to support it, and, although it may be true, we cannot accept it in avoidance of the solemn statement appearing on the court's judgment, and which was a proper fact for its adjudication. It will therefore be seen that the case is entirely different from one where the circuit court record was entirely silent upon the question of the juvenile court's first apprehension and disposition of defendant, as was true in the Walters and others of the cases referred to.

From the testimony relating to the merits of the case, there can be no doubht of defendant's guilt, and under the conclusions above announced we find no meritorious ground for reversing the judgment, and it is affirmed.