## Robinson v. Kieren.

January 14, 1949.

Robert W. Zollinger for appellant.

A. E. Funk, Attorney General, and John Kinnaird, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

By a habeas corpus proceeding the appellant, Robert H. Robinson, seeks release from the Reformatory in which he is confined as a prisoner for life on his conviction of the crime of armed robbery. His claim rests upon the proposition that the judgment under which he is confined is void because steps necessary to the jurisdiction of the court were not taken. In turn, that goes back to proceedings in the Juvenile Court of Allen County. This habeas corpus proceeding was tried on attested copies of judgments of the Allen Quarterly Court and the Allen Circuit Court. The first recites that the defendant, Robinson, appeared in person and by counsel and waived his right to an examining trial on a warrant charging him with the crime. Further, "It appearing that the defendant, Robert H. Robinson, is a juvenile sixteen years of age, therefore coming under the jurisdiction of this Court unless said jurisdiction be waived, it is now ordered that the juvenile jurisdiction of this Court over said Robert H. Robinson be and it is hereby waived to the Allen Circuit Court."

Upon failure to execute an appearance bond, the defendant was ordered to jail to await trial. The record of the Allen Circuit Court is of the indictment, trial, judgment and sentence. These are in the usual form and without reference to the defendant being a juvenile offender.

The statutes prescribe that a juvenile court shall give notice of its proceedings to the child's parents or guardian or other person standing in loco parentis and that summons shall issue requiring the person having his custody to appear for a hearing as to the disposition to be made of the child. KRS 199.050, 199.060, 199.080. If after a hearing the juvenile court concludes that the accused child has committed a crime, it may dispose of him as a delinquent or, in its discretion, may relinquish jurisdiction over the child and permit him to be proceed-

ed against in accordance with the laws governing crimes, and in such an event make an order transferring the case to the court having jurisdiction of the offense.

We have held that where the provisions as to service and return of the process have not been followed the circuit court to which the case has been transferred has no jurisdiction. Commonwealth v. Davis, 169 Ky. 681, 185 S. W. 73; Compton v. Commonwealth, 194 Ky. 429, 240 S. W. 36. In the present case the respondent, Warden of the Reformatory, resists the petitioner's right to release on the writ of habeas corpus upon the ground that there was no evidence or record that the provisions of the statutes were not complied with. He maintains that the legal presumption must be indulged that the proceedings leading to the judgment of the juvenile court were regular. It is argued that under KRS 199.060(3) notice may be dispensed with if the person upon whom it should have been served is present and that it must be concluded he was present in this instance since there is no record or evidence to the contrary.

Ordinarily there is no presumption of jurisdiction of a county court for it is inferior and limited and jurisdiction must be affirmatively shown. Taylor v. Moore, 112 Ky. 330, 65 S. W. 612; Bard v. Bard, 295 Ky. 254, 173 S. W. 2d 569. But the presumption is the contrary in a collateral attack on a judgment where the court is one of exclusive and original jurisdiction, as is the circuit court with only a few exceptions. Waters v. Commonwealth, 171 Ky. 457, 188 S. W. 490. Under the statutes, the county court when sitting in juvenile session is such a court, and the circuit court is regarded as one of limited or secondary jurisdiction. Waters v. Commonwealth, supra; Compton v. Commonwealth, 194 Ky. 429, 240 S. W. 36; Newsome v. Commonwealth, 227 Ky. 710, 13 S. W. 2d 1046.

We have had several cases involving the question of jurisdiction of the circuit court in relation to procedure in the juvenile court, but in every one of them the question was raised on an appeal as a direct attack upon the judgment. Among them are Commonwealth v. Davis, 169 Ky. 681, 185 S. W. 73; Waters v. Commonwealth, 171 Ky. 457, 188 S. W. 490; Compton v. Commonwealth,

194 Ky. 429, 240 S. W. 36; Newsome v. Commonwealth, 227 Ky. 710, 13 S. W. 2d 1046; Angel v. Commonwealth, 231 Ky. 132, 21 S. W. 2d 150; Grise v. Commonwealth, 245 Ky. 220, 53 S. W. 2d 362; Mauk v. Commonwealth, 268 Ky. 237, 104 S. W. 2d 955.

A habeas corpus proceeding where release from custody or restraint is held under a judgment is a collateral attack upon the judgment, and the right to the writ exists only when the judgment is void. Department of Public Welfare v. Polsgrove, 250 Ky. 517, 63 S. W. 2d 603; Adams v. Tuggle, 300 Ky. 751, 189 S. W. 2d 601.

As we have stated, the circuit court is regarded as one of secondary and limited jurisdiction. But it is so only because it must receive the case for final trial by transfer from the county court sitting in juvenile session. The jurisdiction of the county court within the definition of the statute governing the trial and disposition of delinquent juveniles charged with committing criminal offenses is precedent. Jurisdiction first attaches or vests in the county court sitting as the juvenile court. The secondary jurisdiction of the circuit court rests upon proper procedure and disposition in that initial court. Otherwise, prosecution of minor defendants who fall within the statutory classification under the Criminal Code of Practice is precluded. If jurisdiction of the child be not acquired by the juvenile court, then, of course, it may not be transferred. Failure to take notice of the distinction has resulted in some inconsistencies in our several opinions. And because of the unusual condition some difficulty is encountered in considering the matter of presumptions of jurisdiction in determining whether or not a judgment of a circuit court committing a juvenile offender to prison is voidable or void. But we do not really reach the point of resolving the questions of presumptions in the present case even though it is a collateral attack upon both judgments.

It is to be observed from our statement that the order transferring the petitioner's case to the circuit court was that of the Allen Quarterly Court. It is in the capacity of a magistrate or judge of the county court that examining trials are held—not the quarterly court. Criminal Code of Practice, secs. 26, 28, 49. And pro-

ceedings for the disposition of juveniles as delinquents are had in the county court at a particularized session having a docket and record separate and distinct from other proceedings of the county court. KRS 199.020, 199.060. The criminal jurisdiction of the quarterly court is that of a trial court in petty misdemeanor cases with a certain exception. KRS 25.010, 142.990. The record in the present case shows that there was a waiver of examining trial in the quarterly court when it was not in the province of that court to conduct such a trial. Likewise, at the same time a waiver of a hearing of the accusation against the defendant as a juvenile in the same court when that court had no jurisdiction. Since the county judge presides over both the quarterly court and a county court, and is in fact the court itself where no jury is impaneled, ordinarily it is of little consequence whether the proceedings and even the orders are made in one or the other, for the informality and frequent failure to observe the distinction between the functions of the two tribunals are generally recognized. But the county court sitting as a juvenile court is a judicial tribunal engaged in the administration of justice in accordance with the progressive and humanitarian treatment of delinquent children who are charged with violating the criminal law. It is assigned a very important function and given large power. Its procedure is carefully and specifically established and defined. The importance and reasons for this have been stated many times. The judgment through and by which the circuit court took hold of the petitioner was not that of the Juvenile Court of Allen County. But if out of deference to the informal manner in which county judges often function within their judicial sphere we should regard the order as that of the county court sitting in juvenile session, it reveals the absence of jurisdictional facts. On its face the judgment shows that only the accused boy and his counsel were present. The ancient maxim expressio unius est exclusio alterius is quite a reliable guide. This recital in the judgment operates as a necessary implication or leads to the conclusion that neither the boy's parents nor any one else standing in their place had been summoned, or notified, or were present. It states that there was a waiver of a hearing before the tribunal. By whom this waiver was under-

taken does not appear. Other courts are not agreed as to whether a juvenile offender may waive the right to be treated as a delinquent and not as a criminal. 43 C. J. S., Infants, sec. 98b. We do not have to decide the point, for it is quite certain that the procedure and inquiry so meticulously described by the statutes were not observed. Where a judgment undertakes to recite the process or facts on which the jurisdiction of the court is based, if such recitation does not show jurisdiction or negatives jurisdiction, the judgment carries evidence of its own invalidity. It is well settled that a judgment affirmatively showing absence of jurisdiction subjects it to collateral attack. Freeman on Judgments, sec. 382.

We are of opinion that the Allen Circuit Court did not acquire jurisdiction of the appellant and that the Oldham Circuit Court, in which this habeas corpus proceeding was had and from whose judgment this appeal is prosecuted, should have granted the writ prayed. His commitment to the prison was upon a void judgment.

It does not follow, however, that the petitioner's immediate discharge should be ordered. Notice to the prosecuting authorities of Allen County should be given and reasonable opportunity afforded them to proceed in due and proper manner. There has been no bar to a renewal of the inquiry as to the disposition to be made of the charge against the accused. Compton v. Commonwealth, supra, 194 Ky. 429, 240 S. W. 36.

In this state it is held that the age of the child at the time when the alleged offense or act of delinquency was committed rather than the age at the time of his trial must govern in determining whether the juvenile court takes jurisdiction. Mattingly v. Commonwealth, 171 Ky. 222, 188 S. W. 370; Harman v. Commonwealth, 204 Ky. 186, 263 S. W. 733; Goodfriend v. Commonwealth, 216 Ky. 573, 288 S. W. 330; Cloyd v. Commonwealth, 212 Ky. 178, 278 S. W. 595; White & Deaton v. Commonwealth, 242 Ky. 736, 47 S. W. 2d 548; Johnson v. Commonwealth, 296 Ky. 81, 176 S. W. 2d 104. It may be observed that on this point there is conflict of authority among the several courts. Annotation, 123 A. L. R. 446.

The judgment is reversed for appropriate proceedings.