Carl E. HEUSTIS, Chief of Police,
Louisville, Kentucky, Appellant,

v.

Ronald SANDERS and Curtis E. Harrison,
Appellees.

COMMONWEALTH of Kentucky, Appellant,

v.

Ronald SANDERS and Curtis E. Harrison,
Appellees.

Court of Appeals of Kentucky.

Jan. 30, 1959.

---

Jo M. Ferguson, Atty. Gen., and Earle V. Powell, Asst. Atty. Gen., for appellants.

A. Scott Hamilton, Commonwealth's Atty., 30th Judicial Dist., Henry B. Sadlo, Asst. Commonwealth's Atty., Louisville, Charles W. Dobbins, Jefferson County Atty., James E. Thornberry, Asst. Jefferson County Atty., Louisville, Armand Angelucci, Fayette County Atty., R. P. Moloney, Jr., Asst. Fayette County Atty., Lexington, amici curiae in behalf of appellants.

Wilson K. Beatty, Sidney Baer, James P. Meagher, Louisville, for appellees.

STEWART, Judge.

■ Ronald Sanders and Curtis E. Harrison, juveniles of age 14 and 16, respectively, were arrested by the city police of Louisville, pursuant to the provisions of Section 36, subd. 2 of the Criminal Code of Practice, on the ground that they were believed to have murdered one Raymond Mitchell on October 5, 1958. They were duly referred to the Juvenile Court of Jefferson County for further disposition within the purview of KRS Chapter 208.

At a hearing held in juvenile court it developed that both youths had been previously committed to the Department of Welfare of the Commonwealth of Kentucky, and that, at the time they were alleged to have perpetrated the crime of which they stand accused, they were on home placement as wards of the Department under the supervision of one of its child welfare workers. See KRS 208.-200(1) (b). The juvenile court ruled that

in view of the previous commitments the two boys are now wholly subject to the authority of the Department and, as a consequence, that court was thereafter devoid of power to take cognizance of any new offense with which either may be charged.

Upon the juvenile court's refusal to take jurisdiction of these cases, agents of the Department who were present in court attempted to assume control over young Sanders and Harrison with the intention of returning them to the custody of the Department. However, the Department's agents were prevented from taking over the two boys by the intervention of a member of the city police who immediately arrested them and lodged them in the city jail on charges of wilful murder.

Applications for writs of habeas corpus in behalf of these two youths were promptly filed in the Jefferson Circuit Court naming Carl E. Heustis, Chief of Police of the City of Louisville, as respondent wherein their liberation was sought. These applications were sustained by the circuit judge and they were set free. Shortly thereafter, indictments were returned by the grand jury of Jefferson County accusing them of wilful murder. Counsel for these two alleged juvenile offenders then moved the circuit court to dismiss the indictments and in support thereof averred lack of jurisdiction on the part of the grand jury because of the fact that the two youths had not been referred to the Jefferson Circuit Court by order of the Juvenile Court of Jefferson County in the manner required by law. The motions were sustained and the indictments were dismissed.

Two of the appeals are from the orders sustaining the writs of habeas corpus. The Commonwealth asserts on a separate appeal that the juvenile court erred in relinquishing jurisdiction over the charges involving the two youths. It also argues that the indictments returned in circuit court against Ronald Sanders and Curtis E. Harrison were valid and therefore should not have

been dismissed. It requests this Court to certify the law on these points. We shall treat the various appeals, which we have consolidated, as a request for a certification of the law on the questions presented.

The reasoning advanced for the refusal of the Juvenile Court of Jefferson County or the Jefferson Circuit Court to take jurisdiction over Ronald Sanders and Curtis E. Harrison and proceed against them on the crime they are claimed to have committed is based upon an interpretation placed by these two courts on certain language that appears in Wade v. Commonwealth, Ky., 303 S.W.2d 905, 908, a recent opinion handed down by this Court. Therefore, at the outset, it will be necessary to examine the effect of the Wade opinion as it relates to the cases before us.

In that case a 16-year-old boy, Wayne Wade, was first brought before the Juvenile Court of Warren County on July 26, 1956, on a charge of being drunk in a public place. At a trial on the same date, the boy was adjudged to be a delinquent and was ordered committed to the Department for an indeterminate period not to extend beyond his twenty-first birthday. The youth, however, was left by the Department on parole with his parents. On October 11, 1956, the same offender was produced before the juvenile court on a second complaint of a misdemeanor nature and, as a result of the hearing had that same day, an order of commitment was made in identical language with the one that was entered in the first proceeding.

An appeal was prosecuted from the order of October 11, 1956, to the Warren Circuit Court and there it was dismissed for want of jurisdiction. Young Wade then brought his case to this Court for a determination of his rights. The opinion handed down raised the inquiry: Did the Juvenile Court of Warren County deprive itself of jurisdiction over Wayne Wade as to the second proceeding by the previous order of July 26, 1956? The opinion answered this question in the affirmative, declaring in substance that the commitment of the juvenile offender to the Department, pursuant to KRS 208.200(1) (c), on July 26, 1956, was "absolute and unconditioned, divesting the Juvenile Court of jurisdiction to try the case at bar", namely, the second offense.

We should emphasize that the juvenile court in the Wade case undertook to ignore its original order and recommit the same offending boy to the Department. The recommitment under the circumstances was superfluous and therefore a vain act, because, as we shall presently show, once a juvenile court processes a child found to be a public offender in accordance with paragraph (c) of KRS 208.200(1) it loses its jurisdiction to deal with that child again as a delinquent. A "delinquent" is a child offender that is treated as prescribed by KRS 208.200(3), which reads: "No adjudication by a juvenile court of the status of any child shall be deemed a conviction, nor shall such adjudication operate to impose any of the civil disabilities ordinarily resulting from a criminal conviction, nor shall any child be found guilty or be deemed a criminal by reason of such adjudication."

The Juvenile Court of Jefferson County and the Jefferson Circuit Court in written opinions construed the quoted language excerpted from the Wade opinion to mean that after the juvenile court has committed the delinquent child to the Department under the foregoing statutory provision the court loses jurisdiction over the youthful offender, regardless of the type of offense, whether it be a misdemeanor or felony, that may thereafter be committed by the youth. It is clear to us that the holding in the Wade case does not have such a breadth of application.

The Wade case dealt solely with the construction of paragraphs (a), (b) and (c) of KRS 208.200(1). These three subdivisions of this subsection of law cover the probation or commitment of a child adjudicated as a public offender in a juvenile court proceeding. Under paragraphs (a)

and (b) of KRS 208.200(1) it may enter an order of probationary placement in certain specified ways so as to retain control over the delinquent, and such a placement may be later modified or set aside in the discretion of the juvenile court, in accordance with KRS 208.200(2). Under paragraph (c) of KRS 208.200(1) it may commit to the Department and to no one else, and such a commitment must be for an indeterminate period not to exceed the age of 21. Such a commitment is irrevocable and the child becomes a ward of the Department to be thereafter supervised by it. The Wade boy was committed under paragraph (c) with the result that the Juvenile Court of Warren County had no further jurisdiction over that person as to any offense of delinquency that might subsequently be perpetrated by him.

Since the Wade case was limited in its scope to the area we have indicated, it presents no obstacle to the several juvenile courts exercising all of the jurisdiction and powers set forth in the other provisions of KRS Chapter 208. Nothing in the opinion of that case indicates that this Court intended to say, or did say, that the Juvenile Court of Warren County lost its jurisdiction over young Wade *for all purposes.*

The cases presented for our consideration involve youths who are felony suspects in that they are accused of murder. It is evident, from what we have said, that they may not be dealt with as delinquents in accordance with any of the provisions of KRS 208.200 but, on the contrary, that they may be taken into custody by the juvenile court and disposed of in conformity with KRS 208.170(1). This subsection reads:

"If, during the course of any proceeding in the juvenile court, it appears that a child before the court has committed a felony, and at the time of commission of the offense the child was sixteen years of age or older, or was less than sixteen years of age but the offense was murder or rape, and the court is of the opinion that the best interests of the child and the public require that the child be tried and disposed of under the regular law governing crimes, the court in its discretion may make an order transferring the case to the circuit court of the county in which the offense was committed. No child shall be considered a felon for any purpose until transferred to, tried and convicted of a felony by a circuit court."

We conclude that the juvenile court erred in refusing to duly and regularly assume jurisdiction over Ronald Sanders and Curtis E. Harrison in the cases at bar. If that court finds during the course of its proceedings that a felony covered by KRS 208.170(1) may have been committed by them it could in its sound discretion transfer their cases to circuit court as provided by the above statutory provision.

The Commonwealth maintains the juvenile court wrongfully abandoned jurisdiction over these two youths. Furthermore it insists the indictments returned against the two alleged youthful offenders by the grand jury of Jefferson County were valid. We are asked to certify the law on these two points. As we have fully answered the first contention by upholding the Commonwealth's position in our analysis of the Wade case we shall proceed to discuss the second proposition.

In dealing with juveniles the circuit court is regarded as one of secondary and limited jurisdiction. This is so because it must receive the case of an alleged youthful felon for final disposition by transfer from the juvenile court, pursuant to KRS 208.170(1). Jurisdiction, however, must first attach in the juvenile court, because the jurisdiction of the circuit court rests upon the proper procedure and disposition of the case in the initial court. If jurisdiction of the child be not acquired by the juvenile court, then, of course, it may not be transferred to the circuit court. See Robinson v. Kieren, 309 Ky. 171, 216 S.W.2d 925.

This Court is committed to the rule that the pertinent law governing the acquisition of control of the child and disposition of any felony charge against it must be rigidly adhered to in order to enable the juvenile court or the circuit court, as the case may be, to obtain jurisdiction of the case.

Since the Juvenile Court of Jefferson County did not assume jurisdiction over the two youthful offenders involved here, and since that court did not transfer these two youths to the Jefferson Circuit Court, all the proceedings that ensued in the latter court against young Ronald Sanders and Curtis E. Harrison were void. Therefore, the circuit court correctly sustained all the applications for writs of habeas corpus and rightfully dismissed the indictments. However, as pointed out, the juvenile court erred in refusing to take jurisdiction of the two youths in the cases pending against them.

Wherefore, the law is certified.