## Clark and Gailor v. Commonwealth.

(Decided December 4, 1923.)

### Appeal from Bell Circuit Court.

1. Homicide—Evidence Held to Sustain Conviction.—Evidence held to sustain a conviction for murder.

2. Criminal Law—Mother Presumed to Know Date of Birth of Child. —A personal knowledge by mother of date of birth of child, in the absence of evidence to the contrary, will be presumed.

3.  Infants—Conviction of Boy Under 17 Years of Age without Act of
    County Court Void.—Under Ky. Stats., section 331e-2, a circuit
    court is without jurisdiction to indict or try a boy under 17 years
    of age for an offense against the state, unless he has been trans-
    ferred to that court by order of the county court, and a judgment
    rendered without such transfer is void.

4.  Criminal Law—Reversal as to One Defendant Does Not Interfere
    with Right of Another.—Where an adult and an infant were con-
    victed of homicide, and both appealed, a reversal of the judgment
    as to the infant because tried by the circuit court without transfer
    from the county court under Ky. Stats., section 331e-2, could not
    interfere with the right of the adult to a hearing upon his appeal.

5.  Criminal Law—Declaration of Codefendant Under Arrest Held Ad-
    missible.—In a prosecution for homicide, testimony of constable
    that a codefendant, while under arrest, stated in the presence of
    defendant that after the two defendants were cursed and shot at
    by deceased and others, they shot at the latter and made their
    escape by flight, was admissible, if voluntarily made.

M. G. COLSON and E. PHILPOT for appellants.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming
as to the appellant Gailor and reversing as to the appel-
lant Clark.

The appellants, Marsh Clark and Dave Gailor, both
of the colored race, were jointly indicted for, together
tried, and each convicted in the court below of the crime
of murder, the punishment inflicted upon each by the
joint verdict declaring his guilt being confinement in the
penitentiary for life. They entered in the court below,
accompanied by the filing of the grounds supporting
same, a joint and several motion for a new trial, which
was overruled as to each of them, excepting to which rul-
ing and, also, to the judgment entered upon the verdict,
they have jointly and severally appealed.

The victim of the homicide was G. L. Roark, whose
death occurred about ten o'clock p. m., April 21, 1923, at
Corey, a mining camp or village three miles from Pine-
ville, Bell county, from a pistol shot wound charged to
have been inflicted by the appellants.

It appears from the evidence in behalf of the Common-
wealth that the shooting resulting in the killing of the
deceased took place at a crossing near the Corey railroad
station, where a small crowd of white men and boys had

stopped in returning to their homes from a church they had previously attended, some of whom were standing and others sitting on the railroad track. While thus situated and engaged in conversation the appellants were seen approaching them, walking together on the railroad track in the direction of their respective homes. Upon their arrival at the crossing the deceased, who knew the appellant Clark quite well, called out to him, saying: "Is that you, Marsh?" and again: "Hello, Marsh, what do you say?" to which the latter replied: "I will show you who I is," whereupon both he and the appellant Gailor began shooting with their pistols at deceased or the persons with whom he was standing, to which the deceased responded by firing several shots at them. After exchanging several shots with the appellants, deceased was wounded by a shot from one of them, which caused his death a few minutes later at the place of the shooting. Following the firing of twelve or fifteen shots altogether, the appellants fled and, though pursued for a while by some of the associates of the deceased, succeeded in making their escape, but were arrested by a peace officer two or three hours later.

The foregoing evidence was furnished by the testimony of six or seven of the persons witnessing the shooting, who fully agreed as to the facts already recited; and, in addition, all testified that as the appellants approached the place of the homicide and upon reaching it, the appellant Clark carried in his hand the pistol with which he took part in the shooting that followed; and that the approach of the appellants was made and the shooting occurred in the light of an electric lamp standing at the crossing. These witnesses also testified with unanimity and positiveness that the appellants began the shooting; that the deceased was the only other person present in possession of a pistol; that he alone shot at the appellants, and this he did in returning the shots first fired by them. Two other witnesses who were not present at the time of the shooting testified that they heard it and as to the number of shots fired; and yet another that he saw the appellants just before the shooting, as they were approaching the crossing, and saw them stop and engage in a conversation when within five or six hundred feet of it, and then saw that the appellant Clark had in his hand, exposed to view, a pistol.

The only contradiction of the testimony of the Commonwealth's witnesses referred to is found in that of the

two appellants, each of whom denied that he had a pistol when the shooting occurred, or that he then shot, or shot at the deceased or any of his companions. According to their further testimony, upon reaching the crossing and when passing the deceased and his companions they were hailed and cursed by him or others of the party, which conduct was immediately followed by a fusilade of pistol shots fired at them by him or them, from which they escaped by fleeing through the adjacent woods and fields to their home. It will, however, be discovered from a careful consideration of the evidence as a whole, that much of that of the Commonwealth furnished by witnesses present when the homicide occurred, is strongly corroborated by others not then present, and by numerous surrounding circumstances as well, while that of the appellants is wholly uncorroborated.

Without further discussion of the evidence, it is only necessary to add that its consideration by the jury, under the guidance afforded by the full and correct statement of the law, as set forth by the instructions of the trial court, could not reasonably have been expected to result in any other verdict than that returned by them. But as for the following reasons the judgment must be reversed and indictment dismissed as to appellant Clark, we will first dispose of the present appeal in so far as it affects his legal rights. It appears from the uncontradicted evidence found in the record, furnished by his testimony and that of his mother, that at the time of the commission of the crime for which he and his co-defendant, Dave Gailor, were in this case indicted, tried and convicted, he was an infant under sixteen years of age. But, more accurately speaking, and for that purpose laying aside as hearsay evidence his testimony and relying solely upon that of the mother, whose personal knowledge of the date of his birth, in the absence of evidence to the contrary, will be presumed, he was born June 20, 1907, and therefore arrived at the age of sixteen years June 19, 1923; and as the crime in question was committed April 21, 1923, he then lacked about two months of being sixteen years of age, and about a year and two months of being seventeen years of age. As under section 331, Kentucky Statutes, the county courts have exclusive jurisdiction of the disposition that shall be made of a male infant under seventeen years of age who is charged with or arrested for a violation of the laws of this state, a circuit court

thereof is without jurisdiction to indict or try a boy under seventeen years of age for an offense committed against the laws of the state, unless he has been transferred to the circuit court for that purpose by order of the county court. In Talbott v. Commonwealth, 166 Ky. 659, which is one of the many cases construing and applying the provisions of the statute, *supra,* decided by this court, the appellant Talbott, a boy sixteen years of age, was indicted, tried and convicted in the circuit court and by that court sentenced to the penitentiary for the malicious cutting and wounding of another, without first having been brought before the county court, or by order of that court transferred to the circuit court for indictment and trial. In reversing the judgment we, in part, said in the opinion:

"We therefore conclude that the circuit court had no jurisdiction to hear and determine the case, and having no jurisdiction it was not necessary that the defendant should have made ordinary objections to the jurisdiction of the court to save his right to raise the question here. The statute deprived the court of jurisdiction, and this want of statutory jurisdiction may be relied on in cases like this as a ground for reversal, although not raised in the circuit court. The circuit court has jurisdiction only to indict and try juvenile offenders when they have been transferred to that court by the county court in the manner authorized by the statute. This does not of course mean that when the circuit court takes jurisdiction to hear and determine a case against a juvenile offender, and it develops for the first time during the trial that the defendant is within the statutory age, that he cannot, upon his dismissal in the circuit court, be immediately apprehended and taken before the county court, nor does it mean that on the return of this case the defendant should not be, upon his discharge by the circuit court, at once arrested and taken before the county court; nor will the proceedings had in this case in the circuit court be a bar to other like proceedings in that court in the event the defendant is transferred by the county court to the circuit court."

It will be found from an examination of them that the following cases, all decided by this court, are to the same effect: Commonwealth v. Franks, 164 Ky. 230; Commonwealth v. Youngblut, 159 Ky. 87; Waters v. Common-

wealth, 171 Ky. 457; Commonwealth v. Davis, 169 Ky. 681; Compton v. Commonwealth, 194 Ky. 429.

It further appears from the evidence that the appellant Clark was never carried before the Bell county court or any other county court as a juvenile offender with respect to his alleged commission of or connection with the crime charged in this case; and also that there was never any order made by the county court of Bell county or that of any other county, transferring him to the Bell circuit court, for indictment or trial therefor. It necessarily follows that the latter court was without jurisdiction to permit his indictment, or to try him for the crime charged. Consequently his conviction thereof was unauthorized and the judgment approving and declaring such conviction void.

But the conclusion thus expressed as to the appellant Clark cannot interfere with the right of the adult appellant, Gailor, to a hearing upon his appeal. We find, however, that the only ground relied on by him for a reversal of the judgment of conviction is error alleged to have been committed by the trial court in admitting incompetent evidence. The evidence complained of was a statement of Constable Hamp Hubbard, by whom the appellants were arrested, to the effect that the appellant Clark, while under arrest, said in substance in the presence of the appellant Gailor that after they were cursed and shot at by the boys at the crossing they shot at the latter and made their escape by flight. But as it is reasonably apparent from a further statement of Hubbard that nothing was said or done by him to induce or coerce the statement made by Clark, it must be regarded as voluntarily made. We do not think the admission of this evidence by the court was error; and as the verdict of the jury finding the appellant Gailor guilty of the murder charged is supported by the evidence, the judgment of conviction is affirmed as to him. But for the reasons stated the judgment is reversed as to the appellant Clark and remanded with directions to the trial court to set it and the verdict aside, and dismiss the indictment as to him; which will not interfere with the jurisdiction of the county court to determine whether he shall yet be subjected to prosecution in the circuit court, under another indictment, for the crime charged.