## Harper v. Commonwealth.

(Decided November 20, 1925.)

### Appeal from McCracken Circuit Court.

1. Criminal Law—Evidence Held Sufficient to Corroborate Testimony of Accomplices.—In prosecution for breaking into a storehouse with intention of stealing, and of stealing, therefrom, held that evidence of witness that he had seen accused in locality of place where crime was committed at about that time, was sufficient to

comply with the requirements of Criminal Code of Practice, section 241, requiring corroboration of testimony of accomplices.

2. Criminal Law—Conviction will Not be Reversed Because of Newly Discovered Evidence that Witnesses had been Promised Immunity, in Absence of Showing such to be so.—Conviction will not be reversed on ground of newly discovered evidence that accomplices who testified for Commonwealth had been promised immunity from prosecution if they would testify against accused, where there was no showing that either of witnesses had been promised immunity.

L. B. ALEXANDER and C. C. GRASSHAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant, Noland Puckett, Ray Sparks and Raymond Brady, were jointly indicted, charged with breaking into a storehouse with the intention of stealing, and of stealing therefrom a safe and money and other articles contained therein.

On his separate trial appellant was found guilty and sentenced to three years' imprisonment, from which judgment he appeals.

On the trial Brady and Puckett, admittedly accomplices, testified as witnesses for the Commonwealth, and detailed in their evidence a meeting of the four defendants, and their agreement to break into the store and steal the money and other articles contained in the safe. That was in the late afternoon, and that night while the store was still open the four went to the place, two of them going into the store and two remaining on the outside, presumably for the purpose of getting an intimate knowledge of the situation, preliminary to carrying out their plans. The store was closed for the night at about 10:30 or 11:00 p. m., and between that and 2:00 a. m. it was entered, the safe removed and carried some five or six miles in the country where, after it was broken into with an axe, the valuables, including about $280.00 in money, removed therefrom, and the safe itself sunk in a stream. These things appeared in detail from the testimony of Puckett and Brady, their evidence disclosing the entry into the storeroom by way of the front door, and the removal of the safe through a side door, and the

placing of same into a machine and its removal to the
country where it was broken and pitched into the water.
Their evidence shows that appellant and one of the other
defendants entered through the front, while the remain-
ing two stayed on the outside, and that appellant used the
axe in opening the safe.

On this appeal three grounds for reversal are urged:

a.   That there was no corroboration of the testi-
     mony of the two accomplices as required by sec-
     tion 241 of the Criminal Code.
b.   Misconduct of the attorney for the Common-
     wealth in the argument, and
c.   Newly discovered evidence to the effect that the
     two accomplices who testified for the Common-
     wealth were offered immunity.

Clearly the evidence of the witness Sherman Hudson
complies with the requirements of section 241. He stated,
in substance, that on the night in question he had gone to
a house in the general locality of the storeroom broken
into to sit up with a sick friend, and that, upon leaving
that place at 12:30 or 12:45 a. m., in returning to his own
home he passed by the store and saw four men standing
in an alley running alongside the storehouse, and pre-
sumably near the side door where the two accomplices
said the safe was taken out.   He positively identifies ap-
pellant as one of those four men.   Apart from the evi-
dence of this witness, and of the testimony of the accom-
plices, it was shown that the breaking occurred between
10:30 or 11:00 p. m. and 2:00 a. m., and the evidence of
Hudson unmistakably shows that appellant between
those hours, together with three other men, was in the
alley at or near the side door.   The evidence, other than
Hudson's or the two accomplices', showed that the offense
had been committed and how it had been committed be-
tween the hours named, and the evidence of Hudson
showed that within that time appellant and three other
men were at or about the storehouse at an hour of the
night which, in and of itself, pointed to culpability.   Not
only was this evidence of Hudson such as tended to con-
nect this defendant with the commission of the offense
within the meaning of that section, but it may be doubted
if, wholly apart from the evidence of the accomplices, it
was not sufficient to authorize the submission of appel-
lant's guilt or innocence to the jury.

As to the second complaint it is sufficient to say that we nowhere find in the record, except in the motion and grounds for a new trial, any reference to any alleged misconduct of the attorney for the. Commonwealth. The record does not disclose any statement whatsoever, made by him in the argument, or that defendant objected to any part of his argument or excepted to any ruling of the court.

The third ground is because of newly discovered evidence in defendant's favor, which is recited in defendant's affidavit to be that the witnesses Brady and Puckett had been promised immunity from prosecution if they would testify against him, and that such is shown to be true by the verdict of the jury, and judgment of the court in the two cases wherein Brady and Puckett had theretofore been tried under the same indictment; and the affidavit recites that copies of such verdict and judgment are attached to the same and made a part thereof. An examination of the record discloses no copy of such verdict or judgment, or any other evidence tending to show that either of the accomplices had been promised immunity. On the contrary, each of them upon cross-examination stated that no such immunity had been promised. Manifestly under these circumstances this ground for reversal must fail.

A close scrutiny of the record shows that appellant has had a fair trial, and that no prejudicial error was committed against him.

Judgment affirmed.