## Watson et al. v. Commonwealth.

(Decided Feb. 10, 1933.)

C. A. NOBLE for appellants.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

James Watson, now 13 years of age, and Ova Turner, now 11 years of age, were convicted of manslaughter, and their punishment fixed at two years' confinement in the penitentiary, but because of their age the judgment directed that they be taken to the House of Reform at Greendale, Ky., and there confined until each shall reach the age of 21 years. See section 2095c-1 et seq., Ky. Stats. They have appealed.

About 2:30 p. m. May 20, 1932, Clinton Chapman, of about the same age as the other boys, was drowned in the Kentucky river near a mining camp called "Glomawr." The river at that point flows from south to north. The Louisville & Nashville Railroad runs along the eastern bank and Kentucky and Virginia state highway No. 15 along the western bank. About a half mile north or down stream from where the boy drowned, there is a bridge by which the highway crosses to the eastern bank of the river, and about 150 or 200 yards south or up stream from where the boy was drowned there is a shoal or ford at which the boy could have waded across the river. The boys approached this swimming hole from the east. Chapman came there with Ishmial Duff, and they found Watson and Turner there undressed. Chapman undressed, and he, Watson, and Turner began playing in the water. A boat was there, in which all four crossed to the west side. The owner of the boat came, a girl was with him, and Duff, who was dressed, returned to the east side in the boat with them, while the others concealed themselves in the water. Watson and Turner swam across to the east side. That left Chapman on the west side, his clothes on the east side, and, as he could not swim, he would either have to go north to the bridge or south to the ford to get across, which he did not want to do in his naked condition, as he would have to pass many parties who were swimming in the river above and below there, many of whom were girls.

Watson and Turner swam back to the west side, and the evidence for the commonwealth is they seized Chapman's hands and pulled him into the river, and when they got him out to the deep water they turned him loose, knocked his holds off when he grabbed them, and told him "To swim or drown," and the boy drowned. There was evidence the boy had told them he could not swim and had begged them not to pull him

338

into the water. This made a case for the jury. For the defendants, there was evidence that the boy asked Watson and Turner to take him across and he had his hands on their shoulders and they were trying to take him across, but were unable to do so, and he drowned in spite of their efforts to save him.

This is the instruction under which these lads were convicted:

"If you shall believe from the evidence in this case beyond a reasonable doubt that the defendants, in Perry County, Kentucky, and before the finding of this indictment herein, in sudden heat and passion or in sudden affray and without previous malice, took by force the deceased boy into the water, and that the boy was drowned after he was placed in the water, then you ought to find these boys guilty of voluntary manslaughter and fix their punishment at confinement in the State Penitentiary at a period of not less than two nor more than twenty-one years, in your discretion."

That was not enough. To seize one, whom you do not know to be able to swim, and against his will intentionally to pull or push him into water known to be of such depth he will have to swim or drown, and he is drowned thereby, or in reckless disregard of human life intentionally and recklessly to pull or push one into water of such depth he will have to swim or drown, and he is drowned thereby, is homicidal. This also applies to the instruction on involuntary manslaughter.

In view of the age of these boys, the court should, by an appropriate instruction, have told the jury to acquit the defendants unless, from the evidence and beyond a reasonable doubt, they shall believe that, when the defendants pushed or pulled this boy into the water, if they did, they then had a guilty knowledge that they were doing wrong; the reason for so instructing being that these boys are between 7 and 14 years of age and presumed to be innocent of evil intent, but this presumption may be overcome by evidence.

This record fails to show that, when these boys were arrested, they were taken before the juvenile court as required by section 331e-5. The jurisdiction of that court over children as defined in section 331e-1 is exclusive, and, unless and until it is waived and the child

transferred to the circuit court as provided by section 331e-5, the circuit court has no power to indict or try the children. See Clark & Gailor v. Com., 201 Ky. 261, 256 S. W. 398.

All questions not discussed are reserved.

Judgment reversed.