## Commonwealth v. McIntosh et al.

(Decided Jan. 25, 1935.)

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, and J. A. SMITH, Commonwealth's Attorney, for appellant.

W. C. EVERSOLE for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Certifying the law.

This appeal is by the commonwealth for a certification of the law as provided by sections 335-337 of the Criminal Code of Practice. The two defendants were

indicted by the Perry county grand jury, charged with the offense of feloniously breaking into, entering and stealing from a box car in the possession of a common carrier. They were tried jointly, and at the close of all the testimony the court peremptorily instructed the jury to find Clemons not guilty, and gave the following admonition to the jury regarding certain testimony which had been adduced:

"The evidence of Allie Deaton so far as it relates to any confession or statement made by the defendant, Walker McIntosh, in the jail of Perry County, you will not consider that evidence as against the defendant Walker McIntosh in making up your verdict in this case."

The jury returned a verdict of not guilty as to Clemons, and failed to agree on a verdict as to McIntosh.

The commonwealth insists that the court erred in giving the peremptory instruction as to Clemons and likewise committed error in admonishing the jury not to consder the confession of McIntosh, taking the position that there was sufficient admissible proof as to the guilt of Clemons to have carried the case to the jury, and that the confession of McIntosh was competent.

Evidently the court gave the admonition with regard to McIntosh's confession on the idea that it had been wrung from him by duress, and gave the peremptory as to Clemons on the idea that the confession of McIntosh, an accomplice, was inadmissible because of lack of other proof tending to connect Clemons with the commission of the crime. A correct conclusion on these points requires a brief recital of the facts.

On the night of September 17, 1933, a box car in the yards of the Louisville & Nashville Railroad Company was broken into, and eleven pairs of shoes were taken. The car had been inspected shorty theretofore; the seals found to be unbroken and the nails which had been driven into the doors were intact. McIntosh and Clemons had been seen hanging around the depot for several days prior to the night of the robbery; on the afternoon of the robbery, Clemons had been seen with a pair of pliers, such as would ordinarily be used to pull nails. A policeman of Hazard said that he saw both

McIntosh and Clemons and another boy in a box car about 9 or 10 o'clock on the night of the robbery. A citizen of Hazard corroborated this testimony, and says that when Clemons saw him (the witness) he pulled the car door shut.

McIntosh in his confession before the examining court, when Clemons was present, said that Clemons assisted in robbing the car; that Clemons was watching while McIntosh went into the car and got eleven pairs of shoes; that Clemons got three pairs of shoes for his part in the robbery, and he afterwards attempted to sell the shoes to various persons. McIntosh also told officers where he had hidden some of the shoes, and they were found at the place described.

McIntosh, not in the presence of Clemons, and while in jail, made the same or very similar statements to Deaton, an officer of the company, in the presence of Bert Feltner, and the testimony of Deaton and Feltner is the evidence which by the court's admonition was withdrawn from the jury.

McIntosh testified that, while he was in the Perry county jail, Feltner came to the jail, "jerked his blackjack on me and said he had fooled with me as long as he aimed to, and Allie Deaton jerked his pistol and punched me and told me if I didn't confess that me and Clemons had broke into that box car they would kill me and I was afraid not to."

Deaton and Feltner were introduced in rebuttal. and, while they admit going to the jail and say that McIntosh confessed, they vehemently deny that they used either force, threats, promises, or persuasion. Deaton says that McIntosh confessed to him while he was taking him to jail. With this state of facts presented, the court should not have admonished the jury as was done. The rule in this jurisdiction is that, when there is a conflict of evidence as to whether the confession was voluntarily made, or obtained by threat, intimidation, or in any manner by duress, the question of fact should be submitted to the jury, leaving to their consideration the conflicting evidence and its effect in case of belief or disbelief. The rule is announced in the following cases: Gilliland v. Com., 224 Ky. 453, 6 S. W. (2d) 467; Billings v. Com., 223 Ky. 381, 3 S. W. (2d) 770, 771; Bennett v. Com., 226 Ky. 529, 11 S. W. (2d)

437. Accordingly the court erred in eliminating the testimony from the consideration of the jury.

On the contention that the court erred in giving a peremptory instruction to find Clemons not guilty, the court also was in error. If the jury had concluded, under proper submission of the question, that the testimony of Deaton and Feltner was the truth, then the confession of McIntosh was sufficient to take the case to the jury; even though it was the testimony of an accomplice, it was clearly admissible because of other nonchallenged evidence tending to connect Clemons with the commission of the offense. See Harper v. Com., 211 Ky. 346, 277 S. W. 457; Talley v. Com., 254 Ky. 204, 71 S. W. (2d) 419; Summer v. Com., 256 Ky. 139, 75 S. W. (2d) 790; Williams v. Com., 257 Ky. 175, — S. W. (2d) — .

However, the record before us presents a state of facts neither discussed nor directed to the court's attention, and, since there is to be another trial of McIntosh on the charge, it would be futile to go through a trial with the record in the condition we find it. The apparent error goes directly to the question of jurisdiction of the court.

The offense was committed on September 16 or 17, 1933; the indictment was returned on November 28, 1933. The trial was begun on February 24, 1934, and on that day McIntosh filed special demurrer to the indictment on the ground that he was under seventeen years of age at the time the crime was committed, and that he had not been taken through the procedure in the county court required in juvenile cases. The court overruled the special demurrer and also overruled a motion to dismiss the indictment which was based on the same ground. Exceptions were taken to both rulings of the court. On the trial McIntosh testified that he was seventeen years of age on January 1, 1934, and there was no other proof on this point. In the same order of February 24, 1934, by which the court overruled the special demurrer and motion to dismiss the indictment, the court, after hearing evidence which is not in the record, referred the case to the Perry county court, and on the same day the Perry county court sent back to the circuit court an order which is as follows:

"The defendant Walker McIntosh having been referred to the juvenile court of Perry county by

the Perry circuit court, where he stands indicted for felony, and the undersigned Judge of the said juvenile court having considered the matter and being advised, now orders and adjudges that the said Walker McIntosh be transferred to the Perry circuit court for trial upon said indictment, and the juvenile court recommends that the said Walker McIntosh, who is now only seventeen years of age, be tried in the Perry circuit court upon the said indictment.''

It is evident that the circuit court, after hearing the proof, concluded that McIntosh was under seventeen years of age at the time the offense was committed, else the matter would not have been transferred to the juvenile court, which court found him to be now only seventeen years of age.

If we have correctly gathered the procedure from the record, the court should have directed the proper procedure to be taken by the juvenile court, and should have dismissed the indictment. The circuit court can in no instance obtain jurisdiction of a juvenile unless he has been taken through the channels and in the exact manner provided by our statutes for the disposition of juvenile offenders. An indictment returned prior to the required procedure does not give the circuit court jurisdiction. See Ky. Stats., sec. 331e-1 et seq., and Waters v. Com., 171 Ky. 457, 188 S. W. 490; Watson v. Com., 247 Ky. 336, 57 S. W. (2d) 39; Clark and Gailor v. Com., 201 Ky. 261, 256 S. W. 398.

If the facts exist as they appear in the record on this point, the matter of the disposition of McIntosh should be taken up by the juvenile court in the manner provided by section 331e-4 et seq., Ky. Stats., and, if certified to the court, the complaint should be sent back to the grand jury for its reconsideration.

Law certified.