## Mauk et al. v. Commonwealth.

(Decided April 20, 1937.)

238

WAUGH & HOWERTON for appellants.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On the night of June 3, 1936, Mr. and Mrs. J. E. Whitt, who reside in Elliott county near the Carter county line, were awakened by the barking of dogs and other noises. They stepped out on the porch, and saw what appeared to be a bundle of burning rags near the side of the house. The bundle contained ten sticks of dynamite which exploded, damaging the house and injuring Mr. and Mrs. Whitt. On July 20, 1936, the grand jury of Elliott county returned an indictment against appellants, Ernest Mauk and Luke Mauk, and four others, charging them with the crime of unlawfully and feloniously confederating and banding themselves together for the purpose of dynamiting the home of J. E. Whitt. On July 30, 1936, a demurrer to the indictment was sustained, and, on the same day, the grand jury returned an indictment against Ernest Mauk, Luke Mauk, Virgil Mauk, and Clarence Mauk, charging them with the crime of unlawfully and feloniously confederating and banding themselves together for the purpose of molesting, injuring, and destroying the real and personal property and person of J. E. Whitt. Ernest Mauk and Luke Mauk were tried together, and both were convicted. Luke Mauk was sentenced to a term of one year in the state reformatory, and Ernest Mauk, who was fifteen years of age, was ordered to be confined in the state school of reform at Greendale for a period of five years.

The appellants are brothers, and reside in Carter county about five miles from the Whitt home. Virgil

Mauk and Clarence Mauk, who were jointly indicted with them, are brothers, and reside with their mother in Elliott county about one mile from the Whitt home. Their relationship to appellants is not clear, but they are either second or third cousins. Virgil Mauk had been indicted for the murder of James Parsons, and had been a fugitive from justice, but had returned to his mother's home. There was evidence that J. E. Whitt had threatened to inform the officers of his presence there and that this incensed Virgil Mauk. This undoubtedly was the motive for the crime. Virgil Mauk had not been apprehended at the time of the trial.

Clarence Mauk, who was introduced as a witness by the Commonwealth, testified that on the night of June 3, 1936, he, Virgil, Ernest, and Luke left his mother's home with ten sticks of dynamite, which was wrapped in two bundles, and carried by Virgil and Luke. They walked to a point near the Whitt home where he and Ernest waited while Luke and Virgil went to the house. Shortly after they left, he heard the explosion. Ernest testified that he went to the Whitt home with Clarence, who took with him ten sticks of dynamite. When he ascertained that Clarence intended to explode the dynamite at the Whitt home, he ran away. He stated that neither Virgil nor Luke was present.

A reversal of the judgment as to Ernest Mauk is sought on the ground that the circuit court was without jurisdiction to try him, since no proceeding had been had in the juvenile court, as required by section 331e-1 et seq. of the Kentucky Statutes, and Luke Mauk insists that he was entitled to a directed verdict in his favor, as there was no evidence corroborating the testimony of the accomplice, Clarence Mauk.

The appellant Ernest Mauk objected to the jurisdiction of the court, and his objection was overruled. A paper dated July 28, 1936, signed by the county judge, was filed, in which it was stated that he had examined Ernest Mauk on that day and found that he would be sixteen years of age in August, 1936, and he recommended that he be prosecuted in the circuit court for the crime for which he had been indicted. It is apparent from the record that the procedure prescribed by section 331e-4 et seq. of the Kentucky Statutes, for

the disposition of juvenile offenders had not been followed, and that the circuit court was without jurisdiction. Compton v. Com., 194 Ky. 429, 240 S. W. 36; White & Deaton v. Com., 242 Ky. 736, 47 S. W. (2d) 548; Grise v. Com., 245 Ky. 220, 53 S. W. (2d) 362; Watson v. Com., 247 Ky. 336, 57 S. W. (2d) 39; Com. v. McIntosh, 257 Ky. 465, 78 S. W. (2d) 320; Edwards v. Com., 264 Ky. 4, 94 S. W. (2d) 25. The Attorney General frankly concedes that this is true, and that the judgment as to Ernest Mauk should be reversed.

The evidence relied upon by the Commonwealth as corroborating the testimony of the accomplice is as follows: Elmer Binnion testified that he sold to appellant Luke Mauk ten sticks of dynamite on March 14, 1936, Mauk stated at the time that he wanted the dynamite to shoot the slate in his coal mine. Mrs. Ellen Mauk, mother of Virgil and Clarence Mauk, testified that on one occasion Luke Mauk said in her presence: "What happened would not have taken place if he hadn't talked so much." These scraps of evidence are not sufficient in our opinion to satisfy the requirements of section 241 of the Criminal Code of Practice, which reads: "A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

They do not tend to connect the appellant Luke Mauk with the commission of the offense, and they are just as consistent with innocence as guilt. If the testimony of the accomplice is eliminated, there is not an iota of evidence that Luke Mauk was at or near the Whitt home on the day the offense was committed, or that the dynamite used on that occasion was the dynamite which he had purchased in March. The remark attributed to him by Ellen Mauk was a natural one for any one to make, and was entirely consistent with his innocence. His defense was an alibi, and he proved by a number of witnesses that he was at his mother's home, five miles from the Whitt home, when the offense was committed. A distinterested witness testified that she saw Clarence Mauk and Ernest Mauk walking along the road going in the direction of the Whitt home shortly before the explosion. Her testimony corroborated

the testimony of Ernest Mauk, who stated that only he and Clarence were present. The purchase of the ten sticks of dynamite by Luke Mauk nearly three months before the crime was committed was a coincidence which is satisfactorily explained. Disinterested witnesses testified that he used dynamite subsequent to March 14 to shoot down coal in the mine on his mother's land. It was shown that Virgil Mauk had dynamite in his possession at his mother's home at or about the time the offense was committed.

In construing section 241 of the Criminal Code of Practice this court, in a number of opinions, held that the corroborating testimony must be sufficient in itself to sustain a conviction, but the rule announced in those opinions was relaxed in Williams v. Com., 257 Ky. 175, 77 S. W. (2d) 609, in which it was held that the corroborating evidence need not be in itself sufficient to establish the guilty connection of the accused with the perpetration of the crime, but need only tend to connect him with its commission. The Williams Case has been followed and approved in a number of recent cases, among which are: Bolen v. Com., 265 Ky. 328, 96 S. W. (2d) 1020; Ingram v. Com., 265 Ky. 323, 96 S. W. (2d) 1017; Alexander v. Com., 262 Ky. 93, 89 S. W. (2d) 867; Lovan v. Com., 261 Ky. 198, 87 S. W. (2d) 381; Mills v. Com., 259 Ky. 666, 83 S. W. (2d) 32; Walker v. Com., 257 Ky. 613, 78 S. W. (2d) 754. An examination of these cases will disclose that the evidence relied upon by the Commonwealth to corroborate the testimony of the accomplice tended, in a substantial way, to connect the accused with the commission of the offense. The evidence relied upon in the instant case as corroborative does not measure up to the requirements of the modified rule announced in the Williams and later cases, and the circuit court erred in overruling appellant's motion for a directed verdict in his favor.

For the reasons indicated, the judgment in each case is reversed, for further proceedings consistent herewith.