# Haynes v. Commonwealth.

May 2, 1941.

J. Wood Vance for appellant.

Hubert Meredith, Attorney General, and William F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

F. D. Quinn at the time of the offense herein charged was committed operated a general store at the village of Jeffries, in Monroe County, Kentucky. Sometime during the night of Saturday, March 16, 1940, it was broken into and a large quantity of merchandise was taken therefrom. On April 4 following that date the grand jury of Monroe county returned an indictment jointly accusing appellant, Malcolm Miller and Marlin Mayes of having feloniously broken into the Quinn store and taking therefrom merchandise of value,

the indictment charging a conspiracy between the three defendants to commit the crime. Mayes confessed his guilt and implicated the other two named in the indictment. Miller has been tried under a plea of not guilty and was convicted, from which he appealed to this court and we affirmed the judgment in the case of Miller v. Commonwealth, 285 Ky. 251, 147 S. W. (2d) 394. Later appellant, Haynes, was tried at his separate trial when he was convicted and sentenced to serve one year in the penitentiary. His motion for a new trial was overruled, and from the verdict and judgment pronounced thereon he prosecutes this appeal, urging through his counsel as grounds for reversal, (1) alleged insufficiency of the indictment, and (2) that the evidence did not authorize a submission of his guilt to the jury, and for which reason his motion for a peremptory instruction of acquittal should have been sustained and the court erred in overruling it. They will be considered and determined in the order named.

1. The argument in support of ground (1) appears to be, as we construe counsel's brief, that the indictment in alleging that defendants conspired to commit the breaking—and in pursuance thereof it was done by some one or more of them—charged the offense denounced by Section 1241a-1 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, which, among other things, makes it a felony for two or more persons to conspire to do a felonious act and the offense is complete without doing the act, since the conspiracy itself is the completed offense. The instant indictment does not purport to charge the offense denounced by that section of the statute; but on the contrary the reference to a conspiracy therein was only for the purpose of stating how the charged robbery was committed, and the manner of consent thereto by each of the three accused defendants. No method of drafting such accusations is more common than the one charging a conspiracy (where there is more than one defendant) entered into between them for the commission of the offense with which they are accused and to follow that accusation with a statement that the offense was committed pursuant to that conspiracy. It is, therefore, plain that the objection to the indictment as being duplicitous, or otherwise defective for the reasons relied on, is entirely without merit and, therefore, unavailable as grounds for a reversal.

2. The facts with reference to the robbery are set out with more or less particularity in the opinion in the Miller case, supra, and in disposing of this ground reference is made to that opinion without detailing all of the facts herein. Defendants all resided in Barren County some twelve miles from Glasgow. The appellant, Haynes, owned a small farm upon which there was a tenant house not far from his residence, and in which Miller resided. Haynes possessed a truck which he says Miller used indiscriminately, and in which he and Miller drove to Glasgow on the morning of the day when the offense was committed on the following night, and carried therein some produce which was disposed of. Haynes then went to a pool room and he says he stayed there and played pool all day long and through the night up to 12 o'clock when the pool room was closed; that he went from thence to another place nearby where he intended to engage in a game of poker, but did not find any players, and from thence he went to the home of a friend and remained there until near daylight when Miller and Mayes came after him with the truck, which then contained the merchandise that had been taken from Quinn's store over in Monroe County. He claims that he was then too drunk to realize or comprehend the surroundings. But it is shown by the officers who later arrested him, and who investigated the facts with reference to the commission of the robbery, that he admitted appreciating, as well as knowing that the truck contained the stolen merchandise, and with that knowledge the three drove it to Haynes' house where the gasoline to operate it became exhausted, or something got the matter with some of its tires, so that it could not be driven further.

A team was then obtained from Haynes and a wagon from a neighbor and the goods were unloaded at appellant's barn and hauled to the house of Miller by Haynes' team hitched to the wagon obtained from the neighbor. The officers found the goods stored in Miller's house, except a crosscut saw and a sack of clover seed, the latter being found in appellant's barn with the sack untied and some of the seed scattered around on the floor of the barn, but about which he denied all knowledge. The truck was unloaded and its contents put into the wagon, as described, at about daylight on the morning of Sunday, March 17th, after which appel-

lant, according to his testimony, retired and slept until near 12 o'clock that day. It is, however, proven that following the restoration from his intoxicated condition by the more or less lengthy nap he took, he on that day —and on the Monday following—made admissions clearly showing that he was aware of the contents of the truck when he got into it in Glasgow on the night of the robbery, and that he enggaed in some precautionary conduct looking to a suppression of the commission of the crime by his codefendants—one item of which was the delivery to Miller of a check for $5.50, the exact purpose of which is not made clear in the record. It is intimated that it was given for the purpose of paying Miller for the clover seed left at appellant's barn, or for the use of the wagon that they had borrowed to transport the goods from his barn to Miller's house. Mayes, who confessed to the crime, clearly implicated papellant in the conspiracy to commit the robbery, but which it was agreed should be actually committed by appellant's codefendants, he being required to furnish his truck, which he did. The confessing defendant also stated that some two weeks prior to the date of the commission of the offense here involved he had let appellant have "some hot things"—one of which was a bale of wire which the confessor had pilfered from some one, and which fact was known to appellant. The same witness also stated that in the framing of the conspiracy appellant stated that the only two things he desired was some clover seed, and all the sugar that could be obtained with which latter he desired to make moonshine liquor—but all of that testimony was denied by appellant.

It was also shown by some of the witnesses who testified in the case that appellant at no time during the night of the robbery was intoxicated to the degree of insensibility, as he claimed, and it should also be remembered that he himself stated that he continued to play pool until the establishment was closed at 12 o'clock, and he also remembered the appointment to which he testified to play poker at the place to which he thereafter repaired. Neighbors of appellant testified to his good character, but they also testified to his thirst for liquor and his gambling proclivities.

Up to the rendition of the opinion in the case of Williams v. Commonwealth, 257 Ky. 175, 77 S. W. (2d) 609, Section 241 of our Criminal Code of Practice was

interpreted as requiring the corroborating testimony of an accomplice to be such as would sustain a conviction without considering or giving any weight to his testimony. In that opinion, however, we modified that interpretive rule and held that if the corroborating testimony tended to connect the defendant on trial with the commission of the offense it would then be sufficient to meet the requirements of that section. That ruling has later been followed in the cases of Mauk v. Commonwealth, 268 Ky. 237, 104 S. W. 955; Robinson v. Commonwealth, 285 Ky. 838, 149 S. W. (2d) 502, and in the Miller opinion, supra, and which we again approve herein. If appellant's testimony should be accepted literally as given by him, then, perhaps, it might be said that his guilt in the participation of the robbery of Quinn's store was not completely proven. But other express proof in the case, and some undisputed facts constituting guilty circumstances conclusively contradict defendant's testimony of his innocence to which he testified. Some of the stolen goods were found on his premises. His truck was employed in the commission of the robbery, and it was driven after the robbery to defendant's barn with him riding in it in company with his two codefendants. Because of some accident the truck became disabled to continue the trip to Miller's house and it was arranged to complete the transportation by other means—during all of which time appellant was present and himself participating in the secreted storing of the stolen articles.

It may be that appellant told the truth in giving his testimony, but whether he did so or not was, under all the facts as developed by the testimony, a question for the jury. Under proper instructions from the court it declined to accept the theory advanced by him as to his nonparticipation in the robbery and found that he did conspire with his codefendants for it to be committed by them, and, therefore, found him guilty. Under our later interpretation of Section 241, supra, we see no escape from the conclusion that the testimony of Mayes, the confessed accomplice, was sufficiently corroborated under Section 241 of our Criminal Code of Practice as to sustain the verdict finding appellant guilty.

Wherefore, for the reasons stated, the judgment is affirmed.